[No. 59515-6-I.   Division One.   April 7, 2008.]

JENNIFER R. LEMOND, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Appellant*.

798

*Robert M. McKenna, Attorney General*, and *Matthew Daheim, Assistant*, for appellant.

*Diana Lundin* (of *Fox Bowman & Duarte*), for respondent.

¶1 DWYER, A.C.J. — The Washington State Department of Licensing (DOL) appeals from an order of the King County Superior Court that vacated a DOL order suspending Jennifer LeMond's driving privileges. The superior court's order was premised on its conclusion that the doctrine of collateral estoppel applied in the DOL hearing so as to preclude the DOL from offering evidence in that proceeding of LeMond's breath alcohol content at the time in question. Because the superior court erred in making that determination, we reverse.

I

¶2 LeMond was arrested on suspicion of driving while under the influence of alcohol. LeMond submitted to a breath alcohol concentration (BAC) test that yielded results of 0.156 percent and 0.152 percent. LeMond was subsequently charged by the city of Kirkland with DUI (driving under the influence) in Kirkland Municipal Court. The municipal court, reciting that it, "having considered briefing and having heard argument made by both parties, and finding good cause and legal grounds," entered an order suppressing the BAC test results in the criminal action because "the prosecution is unable to lay a foundation for the admission of the test result into evidence."

¶3 DOL commenced a concurrent administrative action, seeking suspension of LeMond's driver's license. LeMond requested an administrative hearing, which took place one

day after the municipal court proceeding. At the administrative hearing, LeMond moved to exclude evidence of the BAC test results on the basis that the municipal court's order collaterally estopped the hearing examiner from considering such evidence. During oral argument on the motion, LeMond's attorney stated that the underlying basis for the municipal court's order was its determination in a previous case that the statute addressing the foundational requirements for the admissibility of breath test evidence, RCW 46.61.506, was unconstitutional.[1]

¶4 In conclusions of law entered after the hearing, the hearing officer set forth her impression that the "decision of the [municipal] court has required a new standard to govern admissibility. The order submitted was based upon this standard." A recitation of the municipal court's "new standard" is not in our record.[2]

¶5 The hearing officer admitted the BAC evidence, refusing to apply collateral estoppel. In so doing, the hearing officer ruled that LeMond had not established that the doctrine applied because she had not proved the essential element of identity of the issues in the municipal court action and the administrative action. The hearing officer ruled that the municipal court excluded evidence of the BAC test results because of that court's determination that the statute governing admissibility was unconstitutional, but that an administrative hearing officer is "decidedly without authority to determine the constitutionality of the laws it administers." The hearing officer further ruled that the application of collateral estoppel in this circumstance would be manifestly unjust because the issue of whether a

---

[1] On appeal, the parties explain that this was a general reference to legal issues later resolved by the Supreme Court in *City of Fircrest v. Jensen*, 158 Wn.2d 384, 143 P.3d 776 (2006). In that case, the court rejected 42 separate challenges to the constitutionality of RCW 46.61.506, premised upon alleged defects in Substitute House Bill 3055 (Laws of 2004, ch. 68), which amended the statute effective March 22, 2004. Our record does not indicate which of these issues, if any, were actually raised in the Kirkland Municipal Court proceeding.

[2] Our record contains no transcript of the municipal court's suppression hearing, nor was one introduced at the administrative hearing.

statute is constitutional is an important public question of law that should not be foreclosed by collateral estoppel. *See Kennedy v. City of Seattle*, 94 Wn.2d 376, 378-79, 617 P.2d 713 (1980). Ultimately, the hearing officer affirmed the DOL suspension of LeMond's driver's license for 90 days pursuant to RCW 46.20.308(2)(c).[3]

¶6 LeMond appealed the suspension order to the King County Superior Court. On December 1, 2006, the superior court accepted LeMond's contention that the municipal court order collaterally estopped the hearing officer from admitting and considering the BAC test result evidence. Thus, the superior court reversed the hearing officer's order suspending LeMond's license to drive and dismissed the DOL action.[4]

## II

¶7 A person whose license is suspended pursuant to the pertinent provisions of Title 46 RCW may petition for review of the final order of suspension "in the superior court of the county of arrest." RCW 46.20.308(9). The appeal is limited to a review of the record of the administrative hearing. The review is further limited

> to a determination of whether the department has committed any errors of law. The superior court shall accept those factual determinations supported by substantial evidence in the record: (a) That were expressly made by the department; or (b) that may reasonably be inferred from the final order of the department. The superior court may reverse, affirm, or modify the decision of the department or remand the case back to the department for further proceedings.

---

[3] RCW 46.20.308(2)(c) provides that adult drivers proved to have had a BAC of 0.08 or higher shall have their driving privileges suspended or revoked by the DOL for a minimum of 90 days.

[4] The superior court's order indicates that its decision was "based on the errors of law assigned in Ms. LeMond's Notice of Appeal." In LeMond's appeal, error was assigned to "all findings of fact" and "all conclusions of law." While the basis for the superior court's decision is therefore not expressed in the record, the parties agree that the decision was based on the superior court's ruling that the hearing officer erred by not applying collateral estoppel.

RCW 46.20.308(9).[5] Our review of an administrative decision by the DOL is identical to that of the superior court. *Walk v. Dep't of Licensing*, 95 Wn. App. 653, 656, 976 P.2d 185 (1999).

¶8 Whether collateral estoppel applies to preclude relitigation of an issue is a question of law that we review de novo. *State v. Vasquez*, 109 Wn. App. 310, 314, 34 P.3d 1255 (2001).

### III

¶9 LeMond contends that the issue in the first proceeding was whether evidence of the BAC test results was admissible. DOL contends that more specific proof identifying the precise issue decided in the first proceeding is required. We agree.

¶10 Proving the identity of issues for purposes of establishing the applicability of the doctrine of collateral estoppel requires that the party seeking to have the doctrine applied must specifically identify the issues and the underlying legal principles litigated in the prior proceeding. The issue resolved in the prior proceeding must be established by competent evidence in order for the decisionmaker in the subsequent proceeding to undertake the necessary analysis of whether the issues in each proceeding are, in fact, identical. Because LeMond failed to present any competent evidence in the DOL hearing tending to prove the precise issues that were decided in the prior municipal court action and the precise legal bases for the municipal court's ruling, collateral estoppel could not properly be applied as to any of the issues presented in the subsequent administrative hearing.

¶11 Collateral estoppel " 'prevents relitigation of an issue after the party estopped has had a full and fair

---

[5] Although RCW 46.20.308(9) does not authorize a superior court to dismiss a DOL action, the superior court order entered herein provided that the action was "reversed and dismissed." Given that the parties do not treat this as a significant matter on appeal, we will not discuss it further.

opportunity to present its case'." *Barr v. Day*, 124 Wn.2d 318, 324-25, 879 P.2d 912 (1994) (quoting *Hanson v. City of Snohomish*, 121 Wn.2d 552, 561, 852 P.2d 295 (1993)). Collateral estoppel, or issue preclusion, is the applicable preclusive principle when "the subsequent suit involves a different claim but the same issue." Phillip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805 (1985). Thus,

> [w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). Collateral estoppel prevents relitigation of issues in a subsequent claim or cause of action, whereas res judicata prevents a second assertion of the same claim or cause of action. *Seattle-First Nat'l Bank v. Kawachi*, 91 Wn.2d 223, 225-26, 588 P.2d 725 (1978). Thus, res judicata is generally referred to as claim preclusion, and collateral estoppel as issue preclusion. Trautman, *supra*, at 829.

██ ██ ¶12 The purpose of the doctrine of collateral estoppel is to promote judicial economy by avoiding relitigation of the same issue, to afford the parties the assurance of finality of judicial determinations, and to prevent harassment of and inconvenience to litigants. *Hanson*, 121 Wn.2d at 561. These purposes are balanced against the important competing interest of not depriving a litigant of the opportunity to adequately argue the case in court. RESTATEMENT, *supra*, § 27 cmt. c at 252.

██ ¶13 The proponent of the application of the doctrine has the burden of proving four elements to demonstrate the necessity of its applicability:

> "(1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in

privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice."

*Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 790, 982 P.2d 601 (1999) (quoting *Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 262-63, 956 P.2d 312 (1998)). Because all four elements must be proved, the proponent's failure to establish any one element is fatal to the proponent's claim.

¶14 "Collateral estoppel is an affirmative defense. The party asserting it has the burden of proof." *State Farm Mut. Auto. Ins. Co. v. Avery*, 114 Wn. App. 299, 304, 57 P.3d 300 (2002). " 'The party asserting collateral estoppel has the burden of showing that issues are identical and that they were determined on the merits in the first proceeding.' " *Luisi Truck Lines, Inc. v. Wash. Utils. & Transp. Comm'n*, 72 Wn.2d 887, 894, 435 P.2d 654 (1967) (quoting 2 KENNETH CULP DAVIS, ADMINISTRATIVE LAW TREATISE § 18.12, at 626 (1958)). Thus, application of collateral estoppel is limited to situations where the issue presented in the second proceeding is identical in all respects to an issue decided in the prior proceeding, and " 'where the controlling facts and applicable legal rules remain unchanged.' " *Standlee v. Smith*, 83 Wn.2d 405, 408, 518 P.2d 721(1974) (internal quotation marks omitted) (quoting *Neaderland v. Comm'r*, 424 F.2d 639, 642 (2d Cir. 1970)). Further, issue preclusion is appropriate only if the issue raised in the second case " 'involves substantially the same bundle of legal principles that contributed to the rendering of the first judgment,' " even if the facts and the issue are identical. *Standlee*, 83 Wn.2d at 408 (internal quotation marks omitted) (quoting *Neaderland*, 424 F.2d at 642).

¶15 The proponent of the doctrine of res judicata " 'as to a particular issue involved in the pending case' " must prove by competent evidence that the issue was actually determined and necessarily adjudicated in the prior action, where the record does not clearly reflect such determination. *Rufener v. Scott*, 46 Wn.2d 240, 245, 280 P.2d 253 (1955) (quoting 30 AM. JUR. *Judgments* § 283, at 997). The

burden of properly identifying the previously litigated issue through competent evidence applies equally to a proponent of the application of collateral estoppel. *Luisi Truck Lines*, 72 Wn.2d at 894 ("The party asserting either doctrine has the burden of proof to show that the determinative issue was litigated in the former proceedings.").

¶16 "Competent evidence" is synonymous with relevant and admissible evidence. *See* BLACK'S LAW DICTIONARY 596 (8th ed. 2004). Specifically, "the record of the prior action must be before the trial court so that it may determine if the doctrine precludes relitigation of the issue in question." *Beagles v. Seattle-First Nat'l Bank*, 25 Wn. App. 925, 932, 610 P.2d 962 (1980) (citing *Bodeneck v. Cater's Motor Freight Sys., Inc.*, 198 Wash. 21, 29, 86 P.2d 766 (1939) (holding that the record in the prior action must be pleaded and introduced as evidence to be available as res judicata)). Thus, competent evidence may be proved through the admission of the transcript, pleadings, or orders from the first proceeding sufficient to establish the issue resolved in that proceeding.

## IV

¶17 At the administrative hearing, it was incumbent upon LeMond not merely to establish that the BAC test results had been excluded in the municipal court proceeding, but also to prove by "competent evidence" that the issue presented in the second proceeding was identical in all respects to the issue decided in the prior proceeding, including the applicable legal rules. *Standlee*, 83 Wn.2d at 408; *Rufener*, 46 Wn.2d at 245 (quoting 30 AM. JUR. *Judgments* § 283, at 997).

¶18 No transcript of the municipal court proceeding was provided to this court. The municipal court order itself provides no delineation of the court's basis for its determination, other than stating, "the breath test in this matter is suppressed, as the prosecution is unable to lay a foundation for the admission of the test result into

evidence." Only upon the DOL hearing officer's inquiry did LeMond's attorney state that the order "is based on the constitutionally challenger [sic] under Senate House Bill 3055." Other than this somewhat opaque and imprecise statement, there is nothing in the record establishing the specific issues decided in the first proceeding. This court will not consider allegations of fact without support in the record. *Voicelink Data Servs., Inc. v. Datapulse, Inc.*, 86 Wn. App. 613, 619, 937 P.2d 1158 (1997). The argument put forth by LeMond's attorney seeking collateral estoppel during the DOL hearing was not supported by any competent evidence concerning the basis of the municipal court's ruling. Further, the assertion by LeMond's counsel does not itself constitute competent evidence. *Voicelink Data Servs.*, 86 Wn. App. at 619 n.2. Thus, the issue in the municipal court proceeding was not proved with sufficient clarity to allow the DOL hearing examiner, or this court, to conduct the necessary analysis required by *Standlee*, the *Restatement*, and the previous decisions of this court.

¶19 Reversed.

GROSSE and LAU, JJ., concur.