# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FOUNDATION MANAGEMENT, INC., a
Washington corporation,

               Respondent,

               v.

WILLIAM J. BARKETT and JANE DOE
BARKETT, a marital community,

               Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 68318-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 22, 2013

BECKER, J. — William and Lisa Barkett appeal an order of summary judgment in favor of Foundation Management Inc. Because the doctrine of collateral estoppel prevents Barkett from relitigating the same issues raised and rejected in a prior proceeding, we affirm the judgment of the trial court. We also grant attorney fees to Foundation Management as the prevailing party on appeal.

William Barkett is the president of Merjan Financial Corporation, a California corporation. On September 10, 2007, Barkett signed a "Commercial Promissory Note" on behalf of Merjan to Foundation Management, a Washington corporation. Pursuant to the Note, Foundation Management agreed to lend Merjan the sum of $1,400,000 in exchange for Merjan's payment of interest at a rate of 15 percent annually. The Note specified that, in the event of Merjan's default, the interest rate would rise to 36 percent annually. The principal and accrued interest was due to be repaid in full on September 10, 2008. On the

same day, Barkett signed a Guaranty in his personal capacity, secured by a parcel of real estate in Stanislaus County, California. Both the Note and the Guaranty contained provisions specifying that Washington law applied and venue was exclusively in King County.

Merjan defaulted on the Note by not repaying the principal and accrued interest in full. Foundation Management filed suit against Barkett in King County Superior Court for breach of the guaranty and moved for summary judgment. Barkett did not deny that he had not repaid the loan. Rather, Barkett contended that he was not liable under the Guaranty because: (1) Foundation Management was not registered to do business or loan money in California; (2) the interest rate on the loan was in excess of that allowed by California law; (3) California law should govern the loan agreement; and (4) the loan was therefore "illegal" and unenforceable. Foundation Management argued that Barkett was collaterally estopped from contesting the enforceability of the loan because the same issue had been litigated in an earlier case involving Barkett. The trial court granted summary judgment in favor of Foundation Management and entered a judgment against Barkett. Barkett appeals.

## COLLATERAL ESTOPPEL

We review an order of summary judgment de novo, performing the same inquiry as the trial court. Sheikh v. Choe, 156 Wn.2d 441, 447, 128 P.3d 574

(2006). Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). The moving party has the initial burden to show that there is no genuine issue as to any material fact. Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). If the moving party satisfies its burden, the nonmoving party must present evidence that demonstrates that material facts are in dispute. Vallandigham, 154 Wn.2d at 26. If the nonmoving party fails to do so, then summary judgment is appropriate. Vallandigham, 154 Wn.2d at 26.

The doctrine of collateral estoppel prevents relitigation of an issue after the party against whom the doctrine is applied had a full and fair opportunity to litigate the case. Clark v. Baines, 150 Wn.2d 905, 912, 84 P.3d 245 (2004). The purpose is to promote judicial economy, afford the parties the assurance of finality of judicial determinations, and prevent harassment of and inconvenience to litigants. Lemond v. Dep't of Licensing, 143 Wn. App. 797, 180 P.3d 829 (2008). These purposes are balanced against the important competing interest of not depriving a litigant of the opportunity to adequately argue the case in court. Lemond, 143 Wn. App. 797.

Where a federal court has decided the earlier case, federal law controls the collateral estoppel analysis. Trevino v. Gates, 99 F.3d 911, 923 (9th Cir. 1996), cert. denied, 520 U.S. 1117 (1997). Three factors must be considered

before applying collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation by the party against whom collateral estoppel is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. Trevino, 99 F.3d at 923. Whether collateral estoppel applies to preclude relitigation of an issue is reviewed de novo. Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 96 P.3d 957 (2004); Town of N. Bonneville v. Callaway, 10 F.3d 1505, 1508 (9th Cir. 1993).

Here, all three criteria have been met. First, the issue in this case is identical to the issue presented in WF Capital, Inc. v. Barkett, No. C10-524RSL, 2010 WL 3064413 (W.D. Wash. Aug. 2, 2010) (unpublished). In that case, Barkett, as president of Wasco Investments LLC and Parker Dam Development LLC, both California corporations, signed promissory notes borrowing money from WF Capital Inc., a Washington corporation. Each note was secured by a guaranty signed by Barkett in his personal capacity. The notes and the guaranties all contained express provisions selecting Washington law to determine their validity and construction. After Barkett and "the entities that nominally received the loans" did not make the scheduled repayments, WF Capital sued Barkett in federal court in Washington. WF Capital, 2010 WL 3064413, at *1. Barkett argued that California law should control despite the

choice of law provision, and that, under California law, the loan agreements were "illegal" because WF Capital was not licensed to lend money in California and the amount of interest charged was deemed usurious in California. This case raises the identical issue. Barkett received a loan from a Washington corporation under a loan agreement with a Washington choice of law provision. Barkett now argues that California law should control and California law would void the agreement.

Second, Barkett fully litigated the issue in the prior case. Barkett is undeniably a party to both actions. The federal district court in WF Capital entered a final judgment granting summary judgment in favor of WF Capital. The determination of an issue on a motion for summary judgment is sufficient to satisfy the "litigated" requirement for collateral estoppel. Lee v. Ferryman, 88 Wn. App. 613, 622, 945 P.2d 1159 (1997), review denied, 135 Wn.2d 1006 (1998); Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 912 (9th Cir. 1997) (citing Restatement (Second) of Judgments § 27 cmt. d (1982)).

Third, the federal court's resolution of the issue in WF Capital was a critical and necessary part of the judgment. The federal court's determination that Washington law controlled and that Barkett's claims were frivolous even if analyzed under California law was the basis for its order of summary judgment in favor of WF Capital.

Barkett is thus precluded from litigating the enforceability of the loan agreement on the grounds that California law controls. Barkett defended solely on this basis and presented no other evidence that material facts were in dispute. As a result, the trial court did not err in granting summary judgment in favor of Foundation Management.

## ATTORNEY FEES

Foundation Management contends that it is entitled to an award of attorney fees incurred in defending this appeal. The Note and the Guaranty both contain provisions obligating Barkett to pay fees and costs incurred by Foundation Management in enforcing the loan agreement. The Note provides as follows:

> 13. ATTORNEYS' FEES AND COSTS. Maker promises to pay all costs, expenses, and attorneys' fees incurred by Holder in the exercise of any remedy (with or without litigation) under this Promissory Note or any of the Loan Documents, in any proceeding for the collection of the debt evidenced by this Promissory Note . . . or in any litigation or controversy arising from or connected with this Promissory Note or other security for this Promissory Note.

The Guaranty states:

> 12. Guarantor agrees to pay all costs and expenses which may be incurred by Lender in the enforcement or interpretation of this Guaranty . . . including all costs and reasonable attorneys' fees incurred in any bankruptcy or insolvency proceeding or on appeal to one or more appellate courts.

A contractual provision for an award of attorney fees at trial supports an award of attorney fees on appeal. Reeves v. McClain, 56 Wn. App. 301, 311,

-6-

No. 68318-7-I/7

783 P.2d 606 (1989).  Accordingly, we grant Foundation Management's request for fees upon compliance with RAP 18.1(d).

WE CONCUR: