2014 MAY 19 AM 10: 53



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| COMPASS HOUSING ALLIANCE, | ) | No. 69603-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| FRANCINE PALMER-BENJAMIN, | ) | |
| | ) | |
| Appellant. | ) | FILED: May 19, 2014 |

SCHINDLER, J. — Francine Palmer-Benjamin contends the court erred in denying her motion to vacate agreed findings of fact, conclusions of law, and judgment and stay execution of the writ of restitution. We affirm.

## FACTS

On August 6, 2011, Francine Palmer-Benjamin entered into a "Case Management and Transitional Housing Agreement" (Lease Agreement) with Compass Housing Alliance (Compass) to rent an apartment at The Compass Veterans Center-Renton for $296 a month.

A "Tax Credit Lease Rider" (Lease Rider) is attached and incorporated in the Lease Agreement. The Lease Rider explains that Compass rents residential units under the federal Low-Income Housing Tax Credit Program administered by the Washington State Housing Finance Commission (WSHFC). Under the program,

Compass receives tax credits by renting units to low-income households. To be eligible to rent one of the rent-restricted units, the income and assets of any household member 18 or older must be documented and verified using the required forms. Each household must recertify by completing a new set of the required forms "at least once every 12 months." The Lease Rider states that "[h]ouseholds who do not properly complete their paperwork may not qualify for residency or may be required to vacate their income- and rent-restricted unit." The "Income Recertification" section of the Lease Agreement states:

> Federal regulations require that participant eligibility be verified on a continuing basis. Therefore, participant agrees to comply with the annual re-certification procedures and occupancy requirements. All participants will have income verified annually. The participant will be notified of the procedure, which must be completed and implemented during the resident's anniversary month.

Despite repeated requests during June 2012, Palmer-Benjamin did not comply with the recertification requirements. On August 24, Compass served Palmer-Benjamin with a "10-Day Notice to Comply with Lease or Quit Premises" (10-Day Notice). The 10-Day Notice states, in pertinent part:

> You have been given letters on 06/11/2012 and 06/19/2012 notifying you to report to the On-Site Coordinators office to start the recertification process, and at a later date sign a new lease for 2012-2013 which was due on August 5th, 2012. You have not completed the Tax Credit paperwork, nor have you started the process.
>
> You need to do the following to comply with the requirements of this notice:
>
> Complete the Tax Credit paperwork and sign a new lease for 2012 - 2013. All required forms and 3rd party verifications must be completed accurately and written in blue ink.
>
> Within ten (10) days of receipt of this notice you must either comply with the particulars itemized above or else quit the above described

2

premises and surrender possession.

> If you fail to comply with your rental agreement or do not vacate the premises within ten (10) days, judicial proceedings may be instituted for your eviction. If you vacate the premises but the term of your rental agreement has not expired, you will also be liable for rent for the balance of the rental term and other costs as provided by law.[1]

Palmer-Benjamin did not comply with the recertification requirements or move out of the apartment. On September 18, Compass filed an unlawful detainer action seeking a writ of restitution, judgment "in the amount of rent and other charges owing at the time of the judgment," and reasonable attorney fees. The court entered an order scheduling a show cause hearing for October 25.

On October 25, Palmer-Benjamin, her attorney, and the attorney representing Compass spent approximately two and a half hours negotiating a settlement agreement and discussing "all the defenses, all of the counter arguments." Palmer-Benjamin and Compass agreed to reserve resolution of a dispute over $296 in rent, to entry of a judgment for unpaid rent and issuance of a writ of restitution, to delay the eviction until November 16, and to reserve the issue of attorney fees and costs.

Palmer-Benjamin, her attorney, and the attorney representing Compass agreed to entry of findings of fact, conclusions of law, and issuance of a writ of restitution in favor of Compass. As part of the "Agreed Findings of Fact, Conclusions of Law, and Judgment," Palmer-Benjamin conceded she was properly served with the 10-Day Notice, that she did not comply with the 10-Day Notice, and that Compass was entitled to entry of a judgment for an agreed amount of "unpaid rent and issuance of a writ of restitution." The court entered the Agreed Findings or Fact, Conclusions of Law, and Judgment and the writ of restitution.

---

[1] (Emphasis in original.)

On November 2, Palmer-Benjamin, representing herself pro se, filed a motion to vacate the Agreed Findings of Fact, Conclusions of Law, and Judgment and stay execution of the writ of restitution.

At the November 9 hearing on the motion, Palmer-Benjamin argued that she did not violate the Lease Agreement and the 10-Day Notice misstated the recertification requirements. The court denied the motion to vacate entry of the Agreed Findings of Fact, Conclusions of Law, and Judgment and stay execution of the writ of restitution. The superior court commissioner ruled that because Palmer-Benjamin "entered into an agreed order[, t]here is no basis for the Court to upset an agreed order:"

> An agreed order. You signed it. There was a lawyer who helped you with it. The other side signed it and there was an agreement that nothing would happen until November 16.

Palmer-Benjamin appeals the "Order Denying Defendant's Motion for Vacation of Judgment and Staying Execution of Writ of Restitution."[2]

## ANALYSIS

Palmer-Benjamin contends the court erred in denying her motion to vacate the Agreed Findings of Fact, Conclusions of Law, and Judgment and stay execution of the writ of restitution. Palmer-Benjamin argues she was never served with a three-day notice to pay or vacate under RCW 59.12.030(3), she was not in violation of the Lease Agreement, and the 10-Day Notice misstates the recertification requirement.

We review a decision on a motion to vacate a judgment for abuse of discretion. State v. Santos, 104 Wn.2d 142, 145, 702 P.2d 1179 (1985); Mosbrucker v. Greenfield Implement, Inc., 54 Wn. App. 647, 651, 774 P.2d 1267 (1989). We also review the

---

[2] The commissioner awarded Compass attorney fees of $200.

decision whether to stay execution of a writ of restitution for abuse of discretion. CR 62(b).[3] A trial court abuses its discretion if the decision is based on untenable grounds or for untenable reasons. Shaw v. City of Des Moines, 109 Wn. App. 896, 900-01, 37 P.3d 1255 (2002). Unchallenged findings of fact are verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Unchallenged conclusions of law become the law of the case. King Aircraft Sales, Inc. v. Lane, 68 Wn. App. 706, 716-17, 846 P.2d 550 (1993).

Palmer-Benjamin does not dispute that she was properly served with the 10-Day Notice as authorized by RCW 59.12.030(4). However, she argues the court erred in denying her motion to vacate the Agreed Findings of Fact, Conclusions of Law, and Judgment and stay the writ of restitution because Compass never served her with a three-day notice to pay rent or vacate under RCW 59.12.030(3). But the unlawful detainer action was not for the nonpayment of rent.

Next, Palmer-Benjamin argues the writ of restitution was obtained by fraud because the 10-day Notice misstates the recertification requirements of the Lease Agreement.

CR 60(b)(4) authorizes a trial court to vacate a judgment for "[f]raud . . . , misrepresentation, or other misconduct of an adverse party." The party attacking a judgment under CR 60(b)(4) must establish fraud, misrepresentation, or other

---

[3] CR 62(b) states:

In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to rule 59, or of a motion for relief from a judgment or order made pursuant to rule 60, or of a motion for judgment as a matter of law made pursuant to rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to rule 52(b).

misconduct by clear and convincing evidence. <u>Lindgren v. Lindgren</u>, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). Failure to prove any one of the nine stated elements of fraud is fatal to recovery. <u>Markov v. ABC Transfer & Storage Co.</u>, 76 Wn.2d 388, 395, 457 P.2d 535 (1969).

Here, Palmer-Benjamin cannot establish fraud. Palmer-Benjamin does not claim she was misled as to the contents of the Agreed Findings of Fact, Conclusions of Law, and Judgment or that she was coerced into signing it. There is also no dispute Palmer-Benjamin did not submit her recertification paperwork.[4]

Palmer-Benjamin also claims the superior court commissioner erred by not allowing her to argue at the November 9 hearing. The transcript from the hearing does not support her position. The transcript shows she argued she was not in violation of the Lease Agreement and that the 10-Day Notice misstated the recertification requirement of the lease.[5]

Because the court did not abuse its discretion by denying Palmer-Benjamin's motion to vacate entry of the Agreed Findings of Fact, Conclusions of Law, and Judgment and stay execution of the writ of restitution, we affirm.

Compass requests attorney fees on appeal under RCW 59.18.290(2). RCW 59.18.290(2) allows an award of attorney fees to a landlord who prevails in an unlawful

---

[4] Palmer-Benjamin argues that Compass refused to provide her with the recertification paperwork. But she does not point to anything in the record to support her claim. We do not consider allegations of fact without support in the record. <u>Lemond v. Dep't of Licensing</u>, 143 Wn. App. 797, 807, 180 P.3d 829 (2008).

[5] Palmer-Benjamin also claims the commissioner did not read her motion to vacate the Agreed Findings of Fact, Conclusions of Law, and Judgment and stay execution of the writ of restitution. But the record shows that Palmer-Benjamin did not comply with the King County Local Civil Rule to provide working copies of her motion to the court. KCLCR 7(b)(4)(F) states, in pertinent part, "Working copies of the motion and all documents in support or opposition shall be delivered to the hearing judge, commissioner, or appropriate judicial department no later than on the day they are to be served on all parties."

detainer action. Upon compliance with RAP 18.1(d), we grant Compass's request for reasonable attorney fees on appeal.

WE CONCUR:

_Schindler, J._

_Cox, J._

_Becker, J._