

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2015 FEB -9 AM 10: 31

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| BRIAN McKINLEY, | ) | NO. 71102-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CHING-CHIH MA, a/k/a JASON MA, | ) | UNPUBLISHED OPINION |
| CHIH-YI CHANG, husband and wife, | ) | |
| and the marital community comprised | ) | FILED: February 9, 2015 |
| thereof, | ) | |
| Appellants. | ) | |
| | ) | |

LAU, J. —This case involves a fence dispute between two adjacent neighbors.
Jason Ma appeals the trial court's order granting summary judgment and order
awarding attorney fees in favor of Brian McKinley. He argues McKinley improperly
recovered damages under the waste statute, RCW 4.24.630, and the trial court erred by
dismissing his intentional trespass claim. Ma concedes his challenge as to McKinley's
adverse possession claim is moot. Because fairness compels remand, material issues
of fact exist, and the record evidence is unclear, we reverse summary judgment, in part,
as to the waste statute claim and remand for further proceedings consistent with this
opinion. And because no material issues of fact remain as to Ma's intentional trespass

claim, we affirm dismissal on summary judgment. We deny Ma's motion to strike and for sanctions. We also reverse the attorney fees and costs award, vacate the related judgment and order, and remand for further proceedings consistent with this opinion. Finally, we deny McKinley's request for RAP 18.1 attorney fees.

## FACTS

The record shows the following facts: Brian McKinley and Jason Ma own adjacent residential rental properties in Bellevue, Washington. They each rent their properties to tenants. These properties are divided by a south fence, a shed, and a north fence.[1] (Boundary survey.)



---

[1] The parties refer to the north portion and south portion of the fence as "front fence," "back fence," "#1 fence" and "#2 fence." To avoid confusion, we use the terms north fence and south fence.

Because Ma lives in Taiwan, his friend, Max Lin, acts on his behalf as to matters related to Ma's rental property.

At some point between February 1, 2010 and July 2010, when Ma purchased the property, a tenant on the Ma property installed a wire fence where the north fence presently stands.

In the summer of 2012, McKinley tried unsuccessfully to contact Lin about replacing the wire fence. Without Ma or Lin's permission, McKinley replaced the wire fence with a cedar fence. Ma objected to the placement of the cedar fence.

On February 20, 2012, McKinley sent Ma a letter acknowledging the cedar fence encroached on Ma's parcel, "[t]hat is to say that a portion of your property is on 'my side' of the fence." McKinley also acknowledged the fence did not constitute the actual boundary line and Ma's right to remove the fence:

> I acknowledge that the fence does not establish the actual boundary line. I acknowledge that in no way does the erection or maintenance of the fence constitute any attempt by me or my successors to this property as the actual boundary. I acknowledge that at any time you may demand that I, or my successors, remove the fence or that you may remove the portion of the fence that is on your property. Neither I nor my successors may ever assert that the fence constitutes the actual boundary in any legal or non legal forum. The actual boundary has been established by survey and the location of the fence does not, and will not, alter the actual boundary line.

McKinley claimed that he sent this letter once he realized that the cedar fence encroached on Ma's property.

Ma commissioned a boundary survey. The survey revealed that the north fence extended 2.8 to 3.0 feet east over the property line onto Ma's property. It also showed the shed positioned 2.6 to 2.7 feet east of the property line and the south fence .9 to 1.4 feet east of the property line.

-3-

In a series of e-mails, McKinley offered to take down the fence. Ma asked him to "hold off." Ultimately, they agreed on relocating the north fence to the property line at Ma's expense.

Ma hired a contractor. In preparation to relocate the fence, Ma's contractor allegedly removed McKinley's trees, shrubs, and vegetation and left the debris on McKinley's property.

McKinley claimed these trees and shrubs "had grown to provide complete privacy from the Ma Property, acting as a buffer between the properties," since at least 1999 when he purchased the property.

To replace the trees and shrubs, McKinley hired a contractor to plant 40 emerald green trees,[2] install a drip irrigation system, till, mulch, apply topsoil, and haul away the debris pile. The total cost for the work was $4,795.66.

On December 2012, McKinley filed this action claiming damages under the waste statute, RCW 4.24.630. Ma counterclaimed, alleging claims of adverse possession, trespass, and abandonment and seeking to quiet title. On August 26, McKinley filed an amended complaint to assert additional claims of conversion[3] and adverse possession and to quiet title.

McKinley moved for summary judgment requesting the court to (1) dismiss Ma's counterclaims, (2) order judgment against Ma in the amount of $4,795.66 for replacement of the trees removed by Ma pursuant to RCW 4.24.630 (the waste statute),

---

[2] These emerald green trees measure "5-6' (20" on center)."

[3] McKinley later dismissed his conversion claim by a stipulated order.

-4-

(3) order trebling of this amount under the waste statute, and (4) order that the south fence constitutes the actual boundary under a claim of adverse possession. The trial court granted McKinley's motion in its entirety[4] and dismissed Ma's counterclaims. The court's written supplemental summary judgment order states:

> 1. The Motion to [sic] for summary judgment is GRANTED:
> 2. The Defendants' counterclaims are dismissed as they have presented no competent evidence upon which a reasonable trier of fact could conclude that Defendants or their predecessor's in interest adversely possessed any portion of the McKinley Property;
> 3. Judgment is granted in favor of McKinley in the amount of $4,795.66, which amount represents the amount spent by McKinley to replace the trees destroyed by Defendants' agent, and that this amount shall be trebled pursuant to RCW 4.24.630; and
> 4. McKinley has established that he has adversely possessed the property legally described in Exhibit A, attached hereto and incorporated herein.

In a separate judgment and order, the court granted McKinley's motion for fees and costs. It awarded McKinley $22,723.50 in attorney fees, $742.39 in costs, and treble damages under the waste statute amounting to $14,386.98.

Ma appealed.

## ANALYSIS

Ma contends that the trial court erred by granting summary judgment in favor of McKinley and by dismissing his counterclaim for intentional trespass.

### Standard of Review

We review an order granting summary judgment de novo, performing the same inquiry as the trial court. Wilson Court Ltd. P'ship v. Tony Maroni's Inc., 134 Wn.2d 692, 698, 952 P.2d 590 (1998). Summary judgment is appropriate when the pleadings,

---

[4] The court declined to order a survey and boundary line adjustment for its approval as requested by McKinley.

-5-

affidavits, depositions, and admissions provided demonstrate that there is no genuine issue of material fact. CR 56(c). A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). A material fact is one upon which the outcome of the litigation depends. Jacobsen v. State, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977). All facts and reasonable inference are viewed in the light most favorable to the nonmoving party. Wilson Court, 134 Wn.2d at 698.

### The Waste Statute—RCW 4.24.630

Ma argues the trial court erred when it granted McKinley's summary judgment motion premised on McKinley's erroneous reliance on the waste statute, RCW 4.24.630. He asserts that subsection (2) of this statute precludes McKinley's recovery when the timber trespass statute, RCW 64.12.030, applies. In essence, he contends McKinley's waste statute claim fails because his claim falls squarely under the timber statute.

The waste statute imposes liability on one who wrongfully causes waste or injury to another's land except where the timber trespass statute provides for damages:

> (1) Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act. Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for

the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation related costs.

    (2) This section does not apply in any case where liability for damages is provided under RCW 64.12.030, 79.01.756, 79.01.760, 79.40.070, or where there is immunity from liability under RCW 64.12.035.

RCW 4.24.630 (emphasis added).

By contrast, the timber statute prohibits a person from cutting down, girdling, or otherwise injuring a tree, timber, or shrub on the land of another:

> Whenever a person shall cut down, girdle, or otherwise injure, or carry off any tree, including a Christmas tree as defined in RCW 76.48.020, timber, or shrub on the land of another person, or on the street or highway in front of any person's house, city or town lot, or cultivated grounds, or on the commons or pubic grounds of any city or town, or on the street or highway in front thereof, without lawful authority, in an action by the person, city, or town against the person committing the trespasses or any of them, any judgment for the plaintiff shall be for treble the amount of damages claimed or assessed.

RCW 64.12.030.

McKinley responds that under RAP 2.5(a),[5] we should decline to review Ma's argument because he raises it for the first time on appeal. McKinley also argues that because Ma relied on the waste statute below to argue for dismissal of McKinley's conversion claim, he is precluded from arguing that the timber statute applies here.

---

[5] RAP 2.5(a) states:

"(a) Errors Raised for First Time on Review. The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest errors affecting a constitutional right. A party or the court may raise at any time the question of appellate court jurisdiction. A party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground. A party may raise a claim of error which was not raised by the party in the trial court if another party on the same side of the case has raised the claim of error in the trial court." (Boldface omitted.)

Ma also relies on RAP 9.12 to argue that he is entitled to raise the timber trespass statute despite his failure to raise it below because the rule "does not proscribe additional arguments that relate to the same issue, particularly when a statute which is part of the same statutory scheme is raised. . . . RCW 64.12.030 is part of the same statutory scheme as RCW 4.24.630. . . . " Appellant's Reply Br. at 4–5.

The waste statute is inapplicable where damages are provided for under the timber trespass statute. RCW 4.24.630(2).

> The cases interpreting RCW 64.12.030 are clear that it governs direct trespass against a plaintiff's timber, trees, or shrubs.
>     . . . . Beyond the value of the trees, there was no evidence or damages awarded related to waste or damage to the land. The damage fits squarely within the bounds of the timber trespass statute. Thus, the timber trespass statute provides liability for damages in this case and precludes application of the waste statute.

Gunn v. Riely, No. 45177-8-II, 2015 WL 263656, at *4 (Wash. Ct. App. Jan. 21 2015). By contrast, there are no reported cases where Washington courts have applied the waste statute to timber trespass. Gunn, 2015 WL 263656 at *3.

But even assuming the issue is properly before us, neither McKinley nor the trial court had an opportunity to address whether the timber trespass statute applies here.[6] As Ma's attorney candidly admitted at oral argument before this court, "I agree that the record is silent on the [timber trespass statute] question." Wash. Court of Appeals oral argument, McKinley v. Ma, 71102-4-I (Jan. 14, 2015) (Oral Argument), at 10 min., 5 sec. to 10 min., 12 sec. Ma's trial counsel never raised the application of the timber trespass statute below. Fairness requires a meaningful opportunity for each party and the trial court to consider and resolve the timber trespass statute question. Generally, a

---

[6] Appellant counsel did not represent Ma at the trial court.

-8-

party must inform the court of the rules of law it wishes the court to apply and afford the trial court an opportunity to correct any error.  Smith v. Shannon, 100 Wn.2d 26, 37, 666 P.2d 351 (1983).

We also note that despite the limited record here, it arguably shows the possibility that waste or damage occurred on McKinley's property, unlike in Gunn, where there was no evidence of waste or damage to the property.

In addition, our review of this question is significantly hampered by the poor quality of the record evidence.  For example, each party submitted photocopies purporting to show various conditions existing on the property.  It is impossible to glean any useful information from these exhibits given the poor reproduction quality and the sparse explanation about the exhibits provided in the declarations and affidavits submitted on summary judgment.

Finally, there are substantial issues of fact as to the damages awarded to McKinley.  McKinley claimed below that he replaced the trees and shrubs wrongly removed by Ma's contractor with 40 emerald green trees related to the north (back) fence.

> Lin obtained quotes and hired a contractor to relocate the Back [North] Fence, instructing the contractor to relocate the Back [North] Fence to the property line. During the relocation, all of the trees and vegetation located along the property line—from along the Back [North] Fence to almost one foot onto the McKinley Property—were removed from the McKinley property and placed in a large pile on the lawn of the McKinley Property.

(Emphasis added.)

But at oral argument before this court, McKinley stated that the emerald green trees were planted in a different location—"The emerald greens were placed in the front

[south fence] of the property along the line that had to do with the portion of the property in which the adverse possession claim centered around." Jan. 14, 2015 at 10:26:20-10:26:53.

The trial court awarded damages to replace the wrongfully removed trees and shrubs related to the north (back) fence, not the south (front) fence.

For the reasons discussed above, we reverse the order of summary judgment as to McKinley's waste statute claim.

### Ma's Intentional Trespass Counterclaim

Ma contends the trial court erred by dismissing his counterclaim for intentional trespass[7] because it was supported by substantial evidence. He alleges McKinley committed intentional trespass by building the cedar fence on Ma's property.

To prove a claim for intentional trespass, a claimant must show (1) an invasion of property affecting an interest in exclusive possession, (2) an intentional act, (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest, and (4) actual and substantial damages. Bradley v. Am. Smelting & Refining Co., 104 Wn.2d 677, 692-93, 709 P.2d 782 (1985).

Ma's intentional trespass claim fails. A claim for intentional trespass requires proof of "actual and substantial" damage to the claimant's property. Bradley, 104 Wn.2d at 692–93. Our review of the record shows Ma submitted no competent evidence of actual and substantial damage to his property. Ma submitted his affidavit testimony, stating that McKinley "erected a new wooden fence that was on my property. . . . I immediately hired Crones & Associates to survey the boundary line." Crystal Lotus

---

[7] Ma does not appeal the dismissal of his remaining claims.

Enters. Ltd. v. City of Shoreline, 167 Wn. App. 501, 274 P.3d 1054 (2012), (Bare assertions without proof that property is unusable and unmarketable do not defeat summary judgment.). Summary judgment of dismissal is appropriate where a claim is asserted without actual and substantial damages. Bradley, 104 Wn.2d at 692.

Ma's briefing at summary judgment related to damages also argued, "Due to Plaintiff's intentional actions, Ma was damaged in an encroaching fence. Ma was then forced to hire a surveyor, at his own cost, and forced to rebuild Fence 2 [north fence]." The rule is well settled. Argument of counsel does not itself constitute competent evidence. Lemond v. Dep't of Licensing, 143 Wn. App. 797, 807, 180 P.3d 829 (2008). Nonetheless, the record evidence undisputedly shows in a series of e-mails that McKinley offered to remove the cedar fence and relocate it to the other side of the property. Ma, through Max Lin, replied, "The owner [Ma] would like to have the fence relocated to the property line at his [Ma's] cost. In other words, he will pay for the entire project including remove the existing [cedar] fence and relocat[e] it to the property line." Lin also asked McKinley, "Can we re-use those material[s] on the [cedar] fence that you put up?" McKinley responded by agreeing to let Ma relocate the fence at Ma's expense and to re-use the cedar fence materials that McKinley used to build the fence.

Ma also argues, "[T]here is ample evidence in the record that Mr. Ma suffered actual and substantial damages. First, the unwanted fence is a continuing trespass on the property" entitling Ma to "injunctive relief ordering removal of the fence in a manner proscribed by the court and at Mr. McKinley's expense." Appellant's Br. at 33. Similarly, Ma argued in his reply brief, "[A] continuing trespass is a damage not to mention the cost of the survey, the cost of the contractor hired to rectify Mr. McKinley's

admitted and continuing trespass." Appellant's Reply Br. at 9. Because Ma raises a continuing trespass claim for the first time on appeal, we decline to review it. RAP 2.5(a); Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005).

For the reasons discussed above, the trial court properly granted summary judgment dismissing Ma's intentional trespass claim.

### McKinley's Adverse Possession Claim

Ma alleges in his opening brief that McKinley failed to properly plead his claim for adverse possession related to the south fence (front fence) because he failed to include a legal description of the disputed property. But in his reply brief, he concedes that "the legal description issue is now moot."[8] Appellant's Reply Br. at 6. We agree. McKinley corrected this omission. We affirm the judgment quieting title in favor of McKinley.

### Settlement Discussions

Ma alleges that the trial court improperly considered evidence related to settlement negotiations between the parties in its ruling on summary judgment. We disagree. The record fails to support this assertion.

### Motion to Strike and for Sanctions

Ma moved for sanctions against McKinley for including a copy of the oral argument summary judgment transcript in his supplemental designation of clerk's

---

[8] At oral argument, Ma stated, "Relative to the AP [adverse possession] issue given the developments after we filed our appellant's brief in the case and as we stated in our reply brief, we believe that case, that issue, to be moot, except for the issue relating to segregation of attorney's fees between the claims." Oral Argument at 10 min., 12 sec. to 10 min., 22 sec.

papers, contrary to a commissioner's decision. Ma also moved to strike any reference to the transcript in McKinley's response brief.

We deny the motion to strike and for sanctions. McKinley's reading of the commissioner's decision is plausible given the unique circumstances present in this case.

### Attorney Fees and Costs

Ma challenges the trial court's award of fees and costs to McKinley based on the waste statute and the adverse possession statute, RCW 7.28.083.[9] Both of these statutes provide for an award of attorney fees and costs. In light of our disposition of the timber trespass statute question and McKinley's adverse possession claim, we reverse the trial court's award of fees and costs related to the waste statute and vacate the November 5, 2013 (attorney fees and costs) judgment and order. Although McKinley is entitled to attorney fees and costs as the prevailing party under the adverse possession statute, it is premature to award those fees and costs until the trial court proceedings are concluded on remand. The trial court's detailed findings of fact and conclusions of law related to the fees and costs awarded here demonstrate the complexity of these interrelated claims.

---

[9] RCW 7.28.083(3) provides:
"The prevailing party in an action asserting title to real property by adverse possession may request the court to award costs and reasonable attorneys' fees. The court may award all or a portion of costs and reasonable attorneys' fees to the prevailing party if, after considering all the facts, the court determines such an award is equitable and just."

## CONCLUSION

For the reasons discussed above, we reverse the summary judgment order granting McKinley's waste statute claim and remand for further proceedings consistent with this opinion. We affirm dismissal with prejudice of Ma's intentional trespass claim and affirm McKinley's adverse possession quiet title claim as moot. We deny Ma's motion to strike and for sanctions. We also reverse the award of attorney fees and costs related to the waste statute, vacate the attorney fees and costs judgment and order, and deny McKinley's RAP 18.1 request for fees. It is premature to determine the total attorney fees and costs award until the trial court proceedings are concluded on remand.[10]

WE CONCUR:

---

[10] We agree McKinley is entitled to an award of fees and costs as the prevailing party under the adverse possession statute. That award, however, should be addressed after the trial court resolves the remaining issues on remand.

-14-