IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NANCY BURGOYNE, an unmarried woman, | ) ) ) | No. 76610-4-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| JOYCE OLSON and her marital community; and WHITAKER LIPP & HEALEA, INC., P.S., a Washington corporation, | ) ) ) ) | UNPUBLISHED OPINION

FILED: July 9, 2018 |
| Respondents. | ) ) ) | |

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2018 JUL -9 AM 10: 34
FILED

BECKER, J. — Appellant Nancy Burgoyne brought tort claims against her former accountant based on alleged mismanagement of funds. The trial court correctly dismissed the suit on summary judgment for lack of proof that any conduct by the accountant harmed Burgoyne's interests.

Summary judgment is proper only when there are no remaining issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004). Because Burgoyne opposed summary judgment below, we take the facts in her favor. Christensen, 152 Wn.2d at 305.

Burgoyne divorced her husband in 2011. A property settlement agreement provided for payment of various financial obligations incurred by the

couple, including tax and mortgage debt. Accountant Joyce Olson was designated "paymaster." She assumed responsibility for satisfying the debts in a specified order, set forth in the agreement. The source of funds used by Olson was a "paymaster" account in which Burgoyne's ex-husband was required to deposit his earnings.

In 2013, Burgoyne filed a complaint against Olson with the Washington State Board of Accountancy based on an alleged conflict of interest: Olson was serving as paymaster while also providing accounting services to the ex-husband individually. The board investigated and ultimately decided that Olson violated conflict of interest rules. She agreed to pay a fine and take an ethics course.

Burgoyne sued her ex-husband in April 2014 based on alleged violations of the property settlement agreement. She claimed that he had deliberately underfunded the paymaster account and engaged in other misconduct, leading to unpaid debts and foreclosure on the parties' two houses, among other consequences. Burgoyne also asserted that Olson should be replaced as paymaster.

Olson was not named as a defendant in Burgoyne's suit against her ex-husband. Olson relinquished the role of paymaster on September 1, 2014.

Burgoyne's suit against her ex-husband was converted to binding arbitration by agreement of the parties. A hearing occurred on December 17, 2014. The evidence considered by the arbitrator, retired Superior Court Judge Paris Kallas, included a report prepared by accountant Kevin Grambush. The parties had agreed to use Grambush as a neutral expert responsible for

2

investigating financial matters relevant to their dispute. In preparing his report, Grambush had access to thousands of documents and the ability to interview Olson. He concluded that any underfunding of the paymaster account was attributable to Burgoyne herself. He also concluded that distributions to Burgoyne from the paymaster account exceeded those received by her ex-husband. Grambush verified that Olson's accounting during the years in question was accurate.

The arbitrator issued a 25-page award on December 24, 2014. All of Burgoyne's claims were denied except her unopposed request for appointment of a new paymaster. The award states, "The parties agree that a new Paymaster should be appointed who does not also serve as an accountant for [the ex-husband or his] corporation." Judgment in the amount of $224,124 was entered against Burgoyne based on the excess funds she received, a successful counter-claim asserted by her ex-husband, and his attorney fees and costs. The arbitrator denied Burgoyne's requests to reconsider, modify, or vacate the award.

Burgoyne filed this suit against Olson on August 18, 2015. Her complaint asserted that Olson's mismanagement of paymaster funds supported liability for breach of fiduciary duty, malpractice, and conversion.

Olson denied liability. On November 20, 2015, she moved for summary judgment dismissal of the suit. She invoked collateral estoppel, or issue preclusion, arguing that the arbitration barred further litigation concerning her performance as paymaster. She also argued that Burgoyne's claims lacked proof and her suit was frivolous. In support of the motion, Olson submitted the

3

arbitration award and the report prepared by Grambush, among other documents.

Burgoyne opposed summary judgment. She relied primarily on a declaration containing her own assertions about alleged misconduct by Olson. She also attached the board of accountancy order.

Olson filed a motion to strike statements in Burgoyne's declaration on grounds that they were not based on personal knowledge and amounted to improper lay opinion. For example, she moved to strike Burgoyne's assertion that Olson was still "de facto paymaster" and thus "still engaged in a conflict of interest"; that Olson incorrectly attributed a tax liability to Burgoyne, resulting in a "shortfall" to her capital balance and a "cash flow crisis"; and that "despite having the requisite amount of total funds to make the mortgage payments on the two houses, Joyce Olson misappropriated paymaster funds by expending those funds on other items with less priority."

After a hearing, the trial court agreed to strike portions of the declaration as requested by Olson. The court entered summary judgment against Burgoyne, reasoning that collateral estoppel barred the suit and her claims lacked proof.

Burgoyne appeals the grant of summary judgment. She does not assign error to the order striking portions of her declaration. We review a trial court's summary judgment decision de novo. Christensen, 152 Wn.2d at 305.

Olson maintains that collateral estoppel bars the suit. Collateral estoppel applies only when the issues in the first and second action are identical in all

respects. Lemond v. State Dep't of Licensing, 143 Wn. App. 797, 805, 180 P.3d 829 (2008).

There is overlap between the facts necessary to resolve the arbitration and those relevant to this dispute. For instance, evidence that the paymaster account lacked adequate funds and that Olson's accounting was accurate, established during the arbitration, bears on whether Olson mismanaged paymaster funds as alleged by Burgoyne in this suit. We are nonetheless disinclined to apply collateral estoppel here because the arbitration focused on Burgoyne's contract claims against her ex-husband. The arbitration did not address Olson's potential tort liability to Burgoyne.

The collateral estoppel analysis used by the trial court was one of two rationales for dismissal of Burgoyne's suit on summary judgment. We conclude the court's second ground for dismissal, a failure of proof, is supported by the record.

Burgoyne's claims of accounting malpractice and breach of fiduciary duty require proof of causation and damages. Micro Enhancement Int'l, Inc. v. Coopers & Lybrand LLP, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002); Murphey v. Grass, 164 Wn. App. 584, 589-90, 267 P.3d 376 (2011), review denied, 173 Wn.2d 1022 (2012). Citing stricken portions of her declaration, Burgoyne contends that Olson failed to adhere to the property settlement agreement—namely, she did not pay debts in the specified order of priority— leading to the foreclosure sales and increased tax liability for Burgoyne. The record shows that debts went unpaid. But there is no proof that wrongdoing by

Olson caused this result. Burgoyne fails to rebut the evidence that the paymaster account simply lacked adequate funds; she and her ex-husband over-spent their means.

To support the breach of fiduciary duty claim, Burgoyne cites the board of accountancy conclusion that Olson had a conflict of interest. This evidence, without more, does not show that Olson's conflict of interest harmed Burgoyne.

Burgoyne's conversion claim also lacks foundation in fact. A conversion is willful interference with another's property. Pub. Util. Dist. No. 1 of Lewis County v. Wash. Pub. Power Supply Sys., 104 Wn.2d 353, 378, 705 P.2d 1195, 713 P.2d 1109 (1985). Burgoyne baldly asserts that Olson shortchanged her capital balances. This assertion is unsubstantiated by the record. Burgoyne does not rebut the evidence that she received excess distributions during Olson's tenure as paymaster.

Burgoyne contends that additional discovery is necessary. But she was required at the summary judgment stage to produce evidence from which a reasonable fact finder could decide in her favor. She did not request a continuance as permitted by CR 56(f).

Given the lack of evidence supporting essential elements of Burgoyne's claims, summary judgment dismissal was proper. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989); Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 789-90, 133 P.3d 944, review denied, 158 Wn.2d 1017 (2006).

Affirmed.

WE CONCUR

_Becker, J._

_Mann, J._

_Appelwick, C.J._