

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| FOLWEILER CHIROPRACTIC, PS, a Washington professional services corporation, | ) ) ) ) | No. 76448-9-I |
| Appellant, | ) ) | |
| v. | ) ) | DIVISION ONE |
| AMERICAN FAMILY INSURANCE COMPANY, | ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | FILED: August 27, 2018 |

MANN, A.C.J. — Folweiler Chiropractic, PS (Folweiler) filed a class action complaint against American Family Insurance Company (American Family) for violating Washington's Consumer Protection Act (CPA).[1] Folweiler alleged that American Family's practice of using a computer database to assess whether medical provider bills were reasonable was an unfair practice under the CPA. Folweiler appeals the trial court's decision dismissing its action under CR 12(b)(6). Because Folweiler's complaint

---

[1] Chapter 19.86 RCW.

sufficiently alleged that American Family's conduct violated the CPA, we reverse and remand for further proceedings.[2]

## FACTS

Folweiler is a professional services corporation that provides chiropractic care and massage therapy in King County. American Family is an insurance company that sells and underwrites automobile insurance policies in Washington. Insurance policies sold or underwritten by American Family included personal injury protection (PIP) covering medical expenses incurred by a covered person arising from a covered automobile accident.

On July 8, 2016, Folweiler filed a class action complaint against American Family on behalf of a class of at least 900 similarly situated medical providers. Folweiler's complaint alleged: (1) between July 2012 and July 2016 Folweiler treated patients who had PIP coverage under an automobile insurance policy issued or underwritten by American Family, (2) American Family, as part of its general policy and practice in Washington, directed Folweiler to bill American Family directly for treatment rather than the patient, (3) American Family accepted Folweiler's bills as claims for payment of reasonable and necessary medical expenses under the patient's PIP coverage, (4) American Family had a policy and practice of relying on a computer database to determine payment of all medical expense bills submitted by Washington providers, (5) the computer database was created by Fair Health and was utilized to compare the amount billed by the provider for each procedure with the amount represented by the

---

[2] Folweiler asked that we take judicial notice of certain documents outside of the pleadings. We decline to do so and deny Folweiler's motion.

80th percentile of charges in the Fair Health database for the same procedure in the same zip code defined geographical area, (6) when the computer review found the provider's bill amount was greater than the 80th percentile amount, the computer would limit the "payment amount" to the 80th percentile and would show the reason for the reduction as an explanatory code P0041,[3] (7) The computer created an Explanation of Review (EOR) that set out the original "charged amount" and the reduced "payment amount," and provided the following explanation for the reduction from the amount charged:

> For Dates of Service 5/31/11 and prior, the amount allowed is based on benchmark data provided by Ingenix. For Dates of Service 6/1/11 and greater, the amount allowed was reviewed using the FH (Fair Health) RV Benchmark Database. Medical providers are asked to accept the reasonable amount as full payment for health care services and not bill the patient for additional charges. We require supporting documentation to reconsider charges for additional payment.

Folweiler alleged that based on the P0041 reduction, American Family paid Folweiler's claims between July 2012 and July 2016 at the reduced payment amount.

Folweiler's complaint alleged further that: (1) no one at American Family determined that a provider's billed amount was a reasonable amount for that provider in that provider's geographic area, (2) no one at American Family investigated or knew the identity, background, credentials, experience or any personal characteristics of the individual providers used as comparators in arriving at the 80th percentile amount, (3) no one at American Family independently investigated whether the amount billed was a

---

[3] Folweiler's complaint alleged that American Family reduced charges to the "80th percentile," but in its later pleadings to the trial court and in its briefs to this court FC represented that the reduction is to the 85th percentile—not the "80th percentile." The difference is irrelevant to the resolution of this appeal. We use the 80th percentile alleged in the complaint.

reasonable amount for that provider to charge for that procedure in that provider's city, and (4) no one at American Family knew whether the amount billed was a reasonable amount for that provider to charge based on the provider's background, credentials, usual and customary fee, the amount paid by other auto insurers, or any other individualized characteristics or factors.

Folweiler's complaint alleged that American Family's practice violated the PIP statute, RCW 48.22.005(7) and RCW 48.22.095, and the regulations defining unfair claims settlement practices in WAC 284-30-330. Folweiler also alleged that American Family's claims settlement practice was an unfair practice that violated the CPA.

American Family moved to dismiss Folweiler's complaint under CR 12(b)(6). It argued that its practices complied with WAC 284-30-330 and chapter 48.22 RCW. The trial court granted American Family's motion to dismiss. The trial court denied Folweiler's motion for reconsideration. Folweiler appeals.

## ANALYSIS

We review CR 12(b)(6) dismissals de novo. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014). "A dismissal for failure to state a claim under CR 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief." Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995) (internal quotations omitted). "Therefore, a complaint survives a CR 12(b)(6) motion if any set of facts could exist that would justify recovery." FutureSelect, 180 Wn.2d at 963. A CR 12(b)(6) motion should be granted only "sparingly and with care." Bravo, 125 Wn.2d at 750 (citation and internal quotations omitted).

-4-

No. 76448-9-I/5

"Washington is a notice pleading state and merely requires a simple concise statement of the claim and the relief sought." Pac. Nw. Shooting Park Ass'n v. City of Sequim, 158 Wn.2d 342, 352, 144 P.3d 276 (2006); CR 8(a).

*Washington's CPA*

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. The CPA authorizes a private cause of action: "'[a]ny person who is injured in his or her business or property' by a violation of the act may bring a civil suit for injunctive relief, damages, attorney fees and costs, and treble damages." Panag v. Farmers Ins. Co. of Washington, 166 Wn.2d 27, 37, 204 P.3d 885 (2009) (alteration in original) (quoting RCW 19.86.090). To prevail on a CPA claim, a plaintiff must show (1) an unfair or deceptive act or practice, (2) that act or practice occurs in trade or commerce, (3) a public interest impact, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

This appeal puts elements one and three at issue.

A. Unfair or deceptive act

American Family asserts that Folweiler's complaint failed to allege American Family had engaged in an unfair or deceptive practice. We disagree.

Whether a particular act is unfair or deceptive is a question of law. Panag, 166 Wn.2d at 47. "A defendant's act or practice is per se unfair or deceptive if the plaintiff shows that it violates a statute declaring the conduct to be an unfair or deceptive act or

-5-

practice in trade or commerce." Rush v. Blackburn, 190 Wn. App. 945, 961-62, 361 P.3d 217 (2015); Hangman Ridge, 105 Wn.2d at 786.

While Folweiler's complaint alleged a per se CPA violation by claiming American Family's claims settlement process violates RCW 48.22.005(7) and WAC 284-30-330, this claim fails as a matter of law. It is well established that "only an insured may bring a per se action" for violations of the CPA. Tank v. State Farms, 105 Wn.2d 381, 394, 715 P.2d 1133 (1986); Pain Diagnostics & Rehabilitation Assocs. v. Brockman, 97 Wn. App. 691, 698, 988 P.2d 972 (1999) (dismissing provider's per se CPA action for violation of PIP statute). Because Folweiler was not an insured, it cannot assert a per se violation of the CPA against American Family.

Folweiler's complaint also alleged that American Family's claim settlement process is an unfair practice that violated the CPA. "If a defendant's act is not per se unfair or deceptive, then the plaintiff must show the conduct is "unfair" or "deceptive" under a case-specific analysis of those terms." Rush, 190 Wn. App. at 962; Hangman Ridge, 105 Wn.2d at 786. "Because the act does not define 'unfair' or 'deceptive,' this court has allowed the definitions to evolve through a 'gradual process of judicial inclusion and exclusion." Saunders v. Lloyd's of London, 113 Wn.2d 259, 330, 344, 779 P.2d 249 (1989) (quoting State v. Reader's Digest Ass'n, 81 Wn.2d 259, 275, 501 P.2d 290 (1972)).

An act may be considered unfair and a violation of the CPA if the unfair act or practice is "not regulated by statute but in violation of public interest." Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 787, 295 P.3d 1179 (2013). This can include considering

> whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness.

Magney v. Lincoln Mut. Sav. Bank, 34 Wn. App. 45, 57, 659 P.2d 537 (1983) (quoting Fed. Trade Comm'n v. Sperry & Hutchinson Co., 405 U.S. 233, 244 n.5, 92 S. Ct. 898, 31 L. Ed. 2d 170 (1972)).

Consequently, while Folweiler may not maintain a CPA action for a per se violation of the PIP statute and trade practice regulations, the statute and regulations may nonetheless guide our consideration of whether American Family's claim settlement practice is unfair and violates the public interest.

Folweiler's complaint alleged that American Family's practice of relying on the Fair Health database and to reduce payment amounts to 80 percent of the geographic region is an unfair act in violation of the public interest established by RCW 48.22.095 as defined by RCW 48.22.005(7). RCW 48.22.095 establishes minimum PIP coverage limits for automobile insurers. Relevant here, RCW 48.22.095(1)(a) requires insurers to offer automobile insurance policies that provide minimum PIP coverage of $10,000 for "medical and hospital benefits." "Medical and hospital benefits" are defined by RCW 48.22.005(7) as:

> payments for all reasonable and necessary expenses incurred by or on behalf of the insured for injuries sustained as a result of an automobile accident for health care services provided by persons licensed under Title 18 RCW, including pharmaceuticals, prosthetic devices and eyeglasses, and necessary ambulance, hospital, and professional nursing service. Medical and hospital benefits are payable for expenses incurred within three years from the date of the automobile accident.

On its face, RCW 48.22.095(1)(a) and RCW 48.22.005(7) require payment of "all reasonable and necessary expenses incurred by or on behalf of the insured." The statutes necessarily impose a duty to look at each claim individually in order to determine the reasonable and necessary expenses for the insured. The law requires an individualized assessment rather than substituting a formulaic approach that pays only 80 percent of the average charge for a large geographic area. Folweiler's complaint alleged American Family's claim settlement process violates the duty to conduct an individualize assessment by failing to consider and independently evaluate the identity, background, credentials, experience or any personal characteristic of the individual provider or whether the amount charged was reasonable for the individual treatment provided. The allegations in Folweiler's complaint are sufficient to establish an unfair act in violation of the CPA based on a violation of the public interest embodied in RCW 48.22.095(1)(a) and RCW 48.22.005(7).

Folweiler's complaint also alleged that American Family's claim settlement process is an unfair and contrary to WAC 284-30-330. Chapter 284-30 WAC defines "certain minimum standards which, if violated with such frequency as to indicate a general business practice, will be deemed to constitute unfair claims settlement practices." WAC 284-30-300. WAC 284-30-330 identifies specific unfair claims settlement practices and includes: "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies," and "[r]efusing to pay claims without conducting a reasonable investigation." WAC 284-30-330(3) and (4).

-8-

Consistent with the statutory duty discussed above, reading WAC 284-30-330(3) and (4) together unequivocally establishes a duty to actually investigate and conduct a reasonable investigation of claims. Again, this requires an individualized assessment and not simply applying a geographic based formula to each claim regardless of the individual circumstances. The allegations in Folweiler's complaint are sufficient to establish an unfair act in violation of the CPA based on a violation of the public interest embodied in WAC 284-30-300.

2. Injury

The injury element under the CPA is broadly defined. It is met "upon proof the plaintiff's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." Panag, 166 Wn.2d at 57. Out-of-pocket expenses and pecuniary losses "occasioned by inconvenience" are injury. Panag, 166 Wn.2d at 57. Monetary damages are not necessary to establish injury, a mere delay in use of property or receiving payment is an injury under the CPA. Sorrel v. Eagle Healthcare, Inc. 110 Wn. App. 290, 298, 38 P.3d 1024 (2002) (injury exists where the claimant's monetary refund was delayed two weeks).

Folweiler pleaded that it suffered injury: "[d]uring the period from July 8, 2012 to July 8, 2016, Folweiler suffered injury and damage to its business as a direct and proximate result of American Family's practice of making P0041 reductions to Washington provider bills in the manner described above." The complaint further alleged that class members "sustained injury to their business caused by American Family's practice in the form of reduced payments, delay in payment of reasonable

medical expenses, out of pocket administrative costs or added expenses, business interruption or inconvenience." Folweiler sufficiently pleaded injury under the CPA.

Because Folweiler sufficiently pleaded the required CPA elements, the trial court erred in dismissing its case for failure to state a claim under CR 12(b)(6).

We reverse and remand to the trial court for further proceedings.

_Mann, A.C.J._

WE CONCUR:

_Leach, J._ _Dwyer, J._