[No. 22706-1-II.    Division Two.    October 22, 1999.]

PAIN DIAGNOSTICS AND REHABILITATION ASSOCIATES, P.S., *Appellant*, v. RONALD C. BROCKMAN, D.O., ET AL., *Respondents*.

692

*Sanford C. Cox III*, for appellant.

*Nigel Stephen Malden* of *Davies Pearson, P.C.*; *Maureen Mullane Falecki* of *Burgess, Fitzer, Leighton & Phillips, P.S.*; and *Michael Simpson Rogers* and *William Leitch Holder* of *Reed McClure*, for respondents.

HOUGHTON, J — Pain Diagnostics and Rehabilitative Associates (Pain Diagnostics) appeals the summary judgment dismissal of its negligence and Consumer Protection Act (CPA) claims brought against State Farm Mutual Automobile Insurance Company (State Farm), Independent Medical Services (IMS), Haelan Inc., and Ronald Brockman, D.O. We affirm.

## FACTS

Carla Tansey, Rebecca Burgard, Senora Stewart, and Lori and Larry Prewitt were all injured in automobile accidents. State Farm was obligated to pay each insured's reasonable and necessary medical expenses by virtue of its applicable personal injury protection (PIP) coverage.[1] Each of the insureds sought and received treatment from Pain Diagnostics.

---

[1] The PIP coverage provides:

[State Farm] will pay for *bodily injury* to an *insured* caused by an *automobile* accident:

1. Medical Expenses. These are reasonable and necessary expenses incurred within three years of the date of the accident for:

a. medical, surgical, X-ray, dental, ambulance, hospital and professional nursing services, . . .

. . . .

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are . . . essential in achieving maximum medical improvement for the *bodily injury* sustained in the accident.

Clerk's Papers at 169.

Before treatment, each patient signed a form entitled "Insurance and Payment Policy" that assigned to Pain Diagnostics:

all interest in and to any claims of any nature whatsoever, against any insurance company, health care services contractor, HMO, PPO, liability insurance company, personal injury protection coverage provider (first party), or any other source of reimbursement that the patient is entitled to for medical services or health care costs.

Clerk's Papers at 122.

Upon submission of Pain Diagnostics' treatment bills, State Farm asked Independent Medical Services and Haelan, Inc. (Haelan) to review the patients' records and give an opinion whether Pain Diagnostics' charges were reasonable and necessary.[2]

Both IMS and Haelan requested that Ronald O. Brockman, D.O., a board certified orthopedic surgeon and doctor of osteopathy, perform the reviews. When asked whether the treatment had been reasonable and necessary, Dr. Brockman opined that in three instances excessive treatment had been provided and in two instances independent medical examinations were needed to determine the necessity for the charged treatment.[3]

Pain Diagnostics, through Dr. Scott Havsy, the treating physician, strenuously objected to the contents of the reviews in correspondence with State Farm, arguing that Dr. Brockman was unqualified to give opinions. Pain Diagnostics cited the doctor's lack of clinical experience with one of the tests reviewed, the doctor's admission in a

---

[2]IMS was asked to give opinions on the treatment of Stewart and both Prewitts. Haelan was asked to give opinions on the treatment of Burgard and Tansey.

[3]Dr. Brockman recommended independent medical examinations for Burgard and Tansey, which State Farm subsequently scheduled. Both Burgard and Tansey appeared at their scheduled exams with Dr. Scott Havsy, the treating physician from Pain Diagnostics, who was asked in each instance by the independent examiners to leave. Havsy left and took his patients with him before any exam could begin. The parties argue whether this was a breach of the policy's cooperation clause, but we need not reach that issue to decide the case.

prior unrelated review of his unfamiliarity with the "fancy" tests used by Dr. Havsy, and the doctor's lack of coursework in soft tissue therapy. Clerk's Papers at 455, 459. Following Dr. Brockman's reviews, State Farm denied PIP payments for at least part of the treatment provided to each patient by Pain Diagnostics.[4]

After the denial of payments, Pain Diagnostics filed a lawsuit against State Farm, IMS, Haelan, and Dr. Brockman for: (1) violation of the CPA, and (2) negligence, based upon an alleged breach of RCW 48.01.030 duties imposed on insurers and their representatives to insured parties. Pain Diagnostics asserted claims both in its own stead and as assignee of the personal injury protection policies of its patients.

State Farm, Haelan, and Dr. Brockman moved for summary judgment. The trial court granted the motions; specifically holding that RCW 48.01.030 did not govern the relationship between the moving parties and Pain Diagnostics, and that the assignments related only to medical reimbursement claims, not negligence or CPA claims. Given the identical legal positions of IMS and Haelan,[5] the trial court later entered an order dismissing all claims against IMS. Pain Diagnostics appeals.

## ANALYSIS

### A. Standard of Review

■ When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Sum-

---

[4]State Farm appears to have denied payment on: (1) $3,478 of an $11,002 bill for services provided to Stewart; (2) $6,692 of an $11,093 bill for services provided to Tansey; (3) $7,016 of a $9,836 bill for services provided to Burgard; (4) $261 of a $595 bill for services provided to Larry Prewitt; and (5) $486 of an $852 bill for services provided to Lori Prewitt.

[5]Haelan and IMS provided identical services to State Farm—namely, both companies arranged for Dr. Brockman to review records of State Farm policyholders. Haelan and IMS therefore stand in the same legal position for purposes of this appeal and the issues pertaining to each are analyzed together.

mary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. CR 56(c). We consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party. *Wilson,* 98 Wn.2d at 437.

■ But the nonmoving party may not rely on speculation, argumentative assertions that unresolved factual issues remain, or consideration of its affidavits, at face value; after the moving party has submitted adequate affidavits, the burden shifts to the nonmoving party to set forth specific facts sufficiently rebutting the moving party's contentions and disclosing the existence of a material issues of fact. *Seven Gables Corp. v. MGM/UA Entertainment Co.,* 106 Wn.2d 1, 13, 721 P.2d 1 (1986). The court should grant the motion only if, from all the evidence, reasonable persons could reach but one conclusion. *Wilson,* 98 Wn.2d at 437.

## B. Negligence Claim Predicated on RCW 48.01.030

Pain Diagnostics first contends that the trial court erred in dismissing its negligence claims based upon a breach of RCW 48.01.030, which imposes a duty of good faith on parties involved in insurance transactions.[6] We disagree.

■ In creating the insurance regulatory scheme, the Legislature and the insurance commissioner did not intend to provide protection or remedies for individual interests; they intended only to create a mechanism for regulating the insurance industry. *Escalante v. Sentry Ins.,* 49 Wn. App. 375, 389, 743 P.2d 832 (1987), *review denied,* 109 Wn.2d 1025 (1988). Instead, private causes of action for

---

[6]RCW 48.01.030 provides:

The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance.

violations of the insurance statutes and regulations must be brought under the CPA. *Escalante*, 49 Wn. App. at 390; *see also Industrial Indem. Co. of the N.W., Inc. v. Kallevig*, 114 Wn.2d 907, 924, 792 P.2d 520, 7 A.L.R.5TH 1014 (1990). Pain Diagnostics' argument fails.

C. Consumer Protection Act

Pain Diagnostics next contends that each of the respondents violated the CPA, arguing that: (1) Dr. Brockman rendered unqualified opinions on the reasonableness of treatment; (2) Haelan and IMS provided these opinions to State Farm, knowing the opinions were meritless; and (3) State Farm unreasonably relied upon Dr. Brockman's opinions in denying the insurance claims.

■ ■ The CPA provides that unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. RCW 19.86.020. To prevail in a private action based on a CPA violation, a party must establish five distinct elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury to the party in his business or property, and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Whether particular action or conduct gives rise to a CPA violation is a question of law that we review de novo. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 149-50, 930 P.2d 288 (1997).

Here, Pain Diagnostics asserts CPA claims directly, in its own stead, and as assignee of its patients' rights.

1. Direct Claims

■ Pain Diagnostics' direct claims fail as they pertain to a per se action. It is well established that *"only an insured* may bring a *per se* action." *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 394, 715 P.2d 1133 (1986) (citing *Transamerica Title Ins. Co. v. Johnson*, 103 Wn.2d 409, 418, 693 P.2d 697 (1985)). Moreover, Pain Diagnostics asserts, without citation to authority, that it may maintain de facto CPA claims on its own behalf. We decline to review

this argument. *See State v. Johnson,* 119 Wn.2d 167, 171, 829 P.2d 1082 (1992) (passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration); *see also* RAP 10.3(a)(5).

## 2. Assigned Claims

Pain Diagnostics further contends that it may maintain a CPA claim against each of the respondents via an assignment clause that each patient signed before treatment. Based upon the plain language of the assignment, Pain Diagnostics' claims against Haelan, IMS and Dr. Brockman fail.

The form that each of the appellant's patients signed before treatment, entitled "Insurance and Payment Policy," assigned to Pain Diagnostics:

all interest in and to any claims of any nature whatsoever, against any insurance company, health care services contractor, HMO, PPO, liability insurance company, personal injury protection coverage provider (first party), or any other source of reimbursement that the patient is entitled to for medical services or health care costs.

■ An assignee steps into the shoes of assignor and cannot recover more than the assignor could recover. *Havsy v. Flynn,* 88 Wn. App. 514, 519, 945 P.2d 221 (1997); *Morse Electro Prods. Corp. v. Beneficial Indus. Loan Co.,* 90 Wn.2d 195, 198, 579 P.2d 1341 (1978). Here, the agreement assigns to Pain Diagnostics the patient's right to payment of his or her medical bills from insurers or other source of reimbursement.[7] As none of the assignors was entitled to reimbursement for medical expenses from Haelan, IMS or Dr. Brockman, neither is Pain Diagnostics, as assignee. Pain Diagnostics' CPA claims against Haelan, IMS and Dr. Brockman through the assignment fail.

Pain Diagnostics also asserts that it may maintain CPA claims against State Farm through the assignment. Even

---

[7]To find that the assignment clause conveys more than the assignor's right to payment of medical expenses would possibly lead to a finding that the assignment violates the fiduciary duty owed by a doctor to a patient.

assuming arguendo that Pain Diagnostics' assignments were valid and encompassed the right to bring a CPA claim against State Farm, Pain Diagnostics would not be able to satisfy the five-part *Hangman Ridge* test necessary to maintain a private action under the CPA.

■ An insured may bring a private action against their insurers for breach of duty of good faith under the CPA. *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 581 P.2d 1349 (1978); *Levy v. North Am. Co. for Life & Health Ins.*, 90 Wn.2d 846, 586 P.2d 845 (1978); *Rice v. Life Ins. Co. of N. Am.*, 25 Wn. App. 479, 609 P.2d 1387, *review denied*, 93 Wn.2d 1027 (1980). Moreover, a breach of an insurer's duty of good faith constitutes a per se unfair trade practice. *Salois*, 90 Wn.2d 359; *Levy*, 90 Wn.2d 850. A violation occurs, however, only if the act is both unlawful and in violation of public policy. *Salois*, 90 Wn.2d at 358. The denial of coverage, Pain Diagnostics' complaint here, is not in bad faith unless it is both frivolous and unfounded. *Miller v. Indiana Ins. Cos.*, 31 Wn. App. 475, 642 P.2d 769 (1982).

Even viewing the evidence presented in the light most favorable to Pain Diagnostics, it is not possible to conclude that State Farm's denial of benefits was frivolous or unfounded. The evidence viewed in the light most favorable to Pain Diagnostics indicates that before denying the claimed benefits, State Farm asked two companies, Haelan and IMS, to review the patients' records and provide opinions whether Pain Diagnostics' charges were reasonable and necessary. Both companies retained Dr. Brockman, a board certified orthopedic surgeon and doctor of osteopathy, to perform the reviews. Based upon more than 20 years of orthopedic experience, Dr. Brockman opined that some of the tests used were neither standard nor generally used in the medical community. Relying upon Dr. Brockman's reviews, State Farm denied payment of some charges. Under these facts, State Farm's denial of coverage was not "frivolous and unfounded."

D. Attorney Fees

■ Each of the respondents request attorney fees under

RAP 18.9. RAP 18.9(a) authorizes an award of terms or compensatory damages against the party who files a frivolous appeal. "[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there [is] no reasonable possibility of reversal." *Delaney v. Canning*, 84 Wn. App. 498, 510, 929 P.2d 475, *review denied*, 131 Wn.2d 1026 (1997). Pain Diagnostics' claims are not based in the law and present no debatable issues. As such, they are frivolous and devoid of merit. Therefore, we award attorney fees on appeal to the respondents upon compliance with RAP 18.1(d).

Affirmed.

BRIDGEWATER, C.J., and MORGAN, J., concur.

Review granted at 140 Wn.2d 1013 (2000).