[No. 66156-6-I.   Division One.   February 21, 2012.]

CRYSTAL LOTUS ENTERPRISES, LTD., *Appellant*, v. THE CITY OF SHORELINE ET AL., *Respondents*.

*Rand L. Koler* (of *Rand L. Koler and Associates PS*), for appellant.

*Ian Sievers, Shoreline City Attorney*, and *Flannary P. Collins, Assistant*; *Bob C. Sterbank* (of *Kenyon Disend PLLC*); and *Stephanie E. Croll* (of *Keating Bucklin & McCormack Inc.*), for respondents.

¶1 ELLINGTON, J. — Crystal Lotus Enterprises Ltd. filed this suit against the cities of Shoreline and Lake Forest

Park, contending that discharge from Shoreline's stormwater system causes marshlike conditions on its property, rendering it unmarketable. The trial court granted summary judgment in favor of the cities, and we affirm.

## FACTS

¶2 This case involves a stormwater system built sometime before 1962. It was originally operated by King County. Upon its incorporation in 1995, the city of Shoreline took over operation of the system. In 2004, Crystal Lotus acquired two lots (Lots 6 and 7) in Lake Forest Park, near the Shoreline-Lake Forest Park border. A pipe from the Shoreline stormwater system discharges stormwater onto an adjacent lot (Lot 8).

¶3 In 2008, Don Koler, president of Crystal Lotus, contacted developer Perry Gravelle about developing Lots 6 and 7. Gravelle and his consultant walked the property and found a swamp-like condition, which they surmised was caused by the discharge of stormwater onto Lot 8. Gravelle refused to consider developing the property in that condition.

¶4 Crystal Lotus filed suit against the cities of Shoreline and Lake Forest Park, claiming continuing trespass and unlawful taking. Crystal Lotus alleged that stormwater released on Lot 8 travels underground and surfaces on Lots 6 and 7, "convert[ing] the land into marsh, rendering it unusable and unmarketable."[1] Crystal Lotus requested money damages for inverse condemnation of the property, an order enjoining the cities from continued trespass, or money damages for loss of use of the property and for the cost of restoration.

¶5 Both parties moved for summary judgment. The court granted the cities' motion, dismissing Crystal Lotus's in-

---

[1] Clerk's Papers at 3.

verse condemnation claim as time barred and dismissing its trespass claim as barred as a matter of law.

¶6 Crystal Lotus appeals the court's grant of summary judgment in favor of the cities and the court's denial of Crystal Lotus's motion. The cities cross appeal the court's denial of their motion to strike inadmissible evidence.

## DISCUSSION

### Standard of Review

¶7 This court reviews summary judgment orders de novo, engaging in the same inquiry as the trial court and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] The moving party must demonstrate the absence of any genuine issue of fact and entitlement to judgment as a matter of law; thereafter, the nonmoving party must show specific facts evidencing a genuine issue of material fact.[3] The nonmoving party may not rely on speculation, argumentative assertions that unresolved factual issues remain, or consideration of its affidavits at face value.[4] Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[5]

### Inverse Condemnation

¶8 Crystal Lotus alleges a government taking of property by inverse condemnation, claiming stormwater discharge from Shoreline's stormwater system reduces the marketability of Lots 6 and 7. The cities contend this claim

[2] *Halleran v. Nu W., Inc.*, 123 Wn. App. 701, 709-10, 98 P.3d 52 (2004).

[3] *Magula v. Benton Franklin Title Co.*, 131 Wn.2d 171, 182, 930 P.2d 307 (1997).

[4] *Pain Diagnostics & Rehab. Assocs. v. Brockman*, 97 Wn. App. 691, 697, 988 P.2d 972 (1999).

[5] CR 56(c).

is barred because the alleged taking occurred prior to 2004, when Crystal Lotus acquired the affected property. We agree.

¶9 The Washington Constitution provides that "[n]o private property shall be taken or damaged for public or private use without just compensation having been first made."[6] A property owner may bring an inverse condemnation claim alleging an unlawful governmental "taking" or "damaging," and may seek to recover the diminished value of the property.[7] But a property owner generally may sue only for a taking that occurs during his or her ownership because the price of property is deemed to reflect its condition at the time of the sale, including any injury because of government interference.[8]

¶10 The Shoreline stormwater system was built more than 40 years before Crystal Lotus acquired Lots 6 and 7 in 2004, and the only change made to the system during its ownership was a 2007 installation of a gabion weir on Lot 8 to reduce the velocity of discharge during storms. There is no evidence, or any assertion by Crystal Lotus, that the gabion weir changed the amount of water discharged onto Lot 8 or intensified its impact on Lots 6 and 7. There is thus no event during its ownership upon which Crystal Lotus can base a takings claim.

## Continuous Trespass

¶11 Crystal Lotus next alleges the cities are committing intentional continuing trespass by discharging stormwater that ultimately saturates Lots 6 and 7.[9]

---

[6] Wash. Const. art. I, § 16.

[7] *Phillips v. King County*, 136 Wn.2d 946, 957, 968 P.2d 871 (1998).

[8] *Hoover v. Pierce County*, 79 Wn. App. 427, 433-34, 903 P.2d 464 (1995). The right to damages for injury to property is a personal right belonging to a property holder and does not pass to a subsequent purchaser unless expressly conveyed. *Id.*

[9] In its reply brief, Crystal Lotus confirms its claim is for intentional (as opposed to negligent) trespass. Reply Br. of Appellant at 22.

¶12 To establish intentional trespass, a plaintiff must show (1) invasion of property affecting an interest in exclusive possession, (2) an intentional act, (3) reasonable foreseeability the act would disturb the plaintiff's possessory interest, and (4) actual and substantial damages.[10] A cause of action for continuing intentional trespass (as opposed to permanent trespass) arises when an intrusive substance remains on a person's land, causes actual and substantial harm to that person's property, and is abatable.[11] The remedies for a continuing trespass are limited to injunctive relief and damages for injury incurred during the three years prior to filing the action.[12]

¶13 This claim also fails because Crystal Lotus does not allege that either Shoreline or Lake Forest Park engaged in an intentional act regarding the stormwater system since Crystal Lotus acquired its property. This precludes injunctive relief. And Crystal Lotus presented no evidence of actual or substantial damages occurring in the past three years: no expert testimony about diminution of property value, no government property tax assessments, no photos or descriptions of physical deterioration. Rather, Crystal Lotus merely asserts the property is currently "unusable and unmarketable."[13] Such bare assertions do not suffice to defend a motion for summary judgment.[14]

### Attorney Fees

¶14 The cities urge us to grant fees on appeal to Lake Forest Park because it was not a proper party to the

---

[10] *Bradley v. Am. Smelting & Ref. Co.*, 104 Wn.2d 677, 692-93, 709 P.2d 782 (1985). The concept of trespass includes trespass by water. *Phillips*, 136 Wn.2d at 957 n.4.

[11] *Bradley*, 104 Wn.2d at 693; *see also Fradkin v. Northshore Util. Dist.*, 96 Wn. App. 118, 125-26, 977 P.2d 1265 (1999); RCW 4.16.080.

[12] *Woldson v. Woodhead*, 159 Wn.2d 215, 222, 149 P.3d 361 (2006); *Phillips*, 136 Wn.2d at 958 n.4; *Bradley*, 104 Wn.2d at 695; *Fradkin*, 96 Wn. App. at 124-25.

[13] Clerk's Papers at 3.

[14] *See Pain Diagnostics*, 97 Wn. App. at 697.

underlying action and this appeal is thus frivolous as to Lake Forest Park.

¶15 A proper defendant in an inverse condemnation or intentional trespass claim necessarily has some control of the actions by which the plaintiff alleges he is aggrieved.[15] An appeal is frivolous if, considering the entire record and resolving all doubts in favor of the appellant, the court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ, and that it is so devoid of merit that there is no possibility of reversal.[16]

¶16 Crystal Lotus asserts there is "a public stormwater catch basin" just within the Lake Forest Park boundary line, which "feeds . . . into the aforementioned main diversion pipe of [r]espondent Shoreline, just before it daylights and dumps the collected and channeled public stormwater onto private property."[17] In support of this contention, it points to exhibit D from the declaration of Vinesh Gounder,[18] a video of Gounder walking the property and pointing out various parts of the stormwater system, including the catch basin.

¶17 But the video does not establish anything more than the location of a catch basin, altogether failing to address the issue of control. And Crystal Lotus does not present evidence to contradict the testimony of Lake Forest Park's environmental programs manager that the city does not own, operate, maintain, or control any of the stormwater system at issue in this lawsuit.

¶18 There is nothing in the record showing Lake Forest Park has control over the stormwater system at issue in

---

[15] *See, e.g.*, *Woldson*, 159 Wn.2d at 216-18; *Currens v. Sleek*, 138 Wn.2d 858, 859-61, 983 P.2d 626 (1999); *Phillips*, 136 Wn.2d at 950-56; *Bradley*, 104 Wn.2d at 679-81.

[16] *Boyles v. Dep't of Ret. Sys.*, 105 Wn.2d 499, 506-07, 716 P.2d 869 (1986); *Fid. Mortg. Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 473-74, 128 P.3d 621 (2005).

[17] Reply Br. of Appellant at 8.

[18] This person's interest in this case, if any, is unclear.

this case. This appeal is frivolous as against Lake Forest Park. We grant fees on appeal to Lake Forest Park.

¶19  Affirmed.[19]

DWYER, C.J., and LEACH, J., concur.

---

[19] Given our disposition, we need not address the cities' cross appeal regarding the court's denial of their motions to strike.