**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LISA LAVINGTON, a single woman, | No. 54541-1-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| JAMES T. HILLIER and WANDA L. HILLIER, husband and wife; and RAY PARSONS CONSTRUCTION, LLC, a Washington limited liability company and general contractor, Washington Contractor Registration No. RAYPAPC922D7, | |
| Respondents. | |

MAXA, J. — Lisa Lavington appeals the trial court's orders dismissing her unjust enrichment and intentional trespass claims against James and Wendy Hillier and Ray Parsons Construction, LLC (Parsons). Lavington's claims arose from the Hilliers' and their contractor Parsons' use without permission of a driveway on her property to access a construction site on the Hilliers' property.

We hold that the trial court did not err in (1) granting summary judgment in favor of the Hilliers and Parsons on Lavington's unjust enrichment claim, (2) excluding evidence of trespass on a road right-of-way that was not a part of Lavington's property, and (3) granting a directed verdict and dismissing the intentional trespass claim against Parsons under CR 41(b)(3). However, we hold that the trial court erred in (1) excluding any evidence of emotional distress

No. 54541-1-II

damages as a discovery sanction without considering the *Burnet*[1] factors, (2) limiting Lavington's recoverable damages to the lesser of the cost of restoring any property damage and the diminution in value of the property, and (3) dismissing the intentional trespass claim against the Hilliers under CR 41(b)(3).

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

FACTS

*Background*

The Hilliers owned property adjacent to Lavington's property. James Hillier[2] and Lavington are cousins, and their properties once were part of the same plat of land owned by James's and Lavington's grandfather. Historically, the Hilliers used a driveway on Lavington's property to access their property. However, the Hilliers also had a second access to their property on the other end of their lot.

In 2013 or 2014, the Hilliers were considering building a house on their property. James asked Lavington if she would grant him a formal easement of her driveway. Lavington denied the request.

In November 2014, the Hilliers began construction of a house on their property and hired Parsons as their general contractor. James told Parsons to use Lavington's driveway as needed for access in order to save money on construction costs. When Lavington discovered that Parsons was using her driveway, she spoke to the foreman of the construction crew and told him

---

[1] *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997).

[2] For clarity, James and Wendy Hillier with be referred to jointly as the Hilliers, and they will be referred to by their first names when referred to individually. No disrespect is intended.

2

No. 54541-1-II

that they did not have permission to use her property. Parsons stopped using Lavington's driveway.

Lavington filed a complaint against the Hilliers and Parsons for intentional trespass and unjust enrichment, alleging that Parsons had damaged her property when using the driveway to access the Hilliers' construction site.[3] She alleged that she had suffered damages, including emotional distress.

*Partial Summary Judgment on Unjust Enrichment Claim*

The Hilliers and Parsons jointly moved for partial summary judgment dismissal of Lavington's unjust enrichment claim. They argued that Lavington had no evidence that she conferred a benefit on the Hilliers or Parsons or that the benefit came at Lavington's expense. In response, Lavington argued that the Hilliers and Parsons received a valuable benefit by using her driveway because they were able to avoid additional costs associated with using the other entrance to the Hilliers' lot.

During Lavington's deposition, she had acknowledged that she did not give anything to Hillier that benefited him. But she stated that the Hilliers received a benefit from using the driveway because they saved money on construction costs. Scott Babbit, Lavington's expert, submitted a declaration in which he estimated that the Hilliers would have had to spend an extra $80,000 dollars had they not used Lavington's driveway for access.

---

[3] Lavington also alleged claims for equitable estoppel, quiet title, and injunctive relief. The trial court dismissed the equitable estoppel and injunctive relief claims on directed verdict but found that Lavington was entitled to a decree quieting title. Lavington did not appeal the dismissal of the claims for equitable estoppel and injunctive relief.

3

No. 54541-1-II

The trial court granted the motion for partial summary judgment, dismissing Lavington's unjust enrichment claim with prejudice. The trial court stated that it could not find that Lavington actually gave anything to the Hilliers.

*Lavington's Medical Records*

The Hilliers requested production of Lavington's medical records, including mental health records, because she claimed emotional distress damages. Although Lavington originally provided an authorization to access her records, she withdrew the authorization because she chose to prove her damages without using her medical records. The trial court granted the Hilliers' motion to compel production of Lavington's medical records and ordered Lavington to execute a stipulation for the Hilliers and Parsons to obtain her mental health records.

Lavington did not allow the Hilliers and Parsons to obtain her medical records as the trial court ordered. Therefore, the Hilliers and Parsons filed motions in limine to exclude any evidence of her alleged emotional distress. The trial court granted Parsons' motion and precluded Lavington from claiming emotional distress damages. In reaching its decision, the trial court did not address the *Burnet* factors. Instead, the court merely ruled that it was precluding Lavington's emotional distress damages because Lavington did not produce her medical records as the court had ordered.

*Evidence of Trespass on Road Right-of-Way*

The Hilliers and Parsons jointly filed a motion in limine to exclude evidence of trespass on property that was not owned by Lavington. They argued that most, if not all, of the land on which they allegedly trespassed was within the right of way of the adjoining highway, not on Lavington's property. The Hilliers and Parsons produced a quit claim deed from February 10, 2014 that described Lavington's parcel as

4

No. 54541-1-II

> All that portion of the following described tract of land in Government Lot four (4), Section thirty-five (35), Township twenty-two (22) North, Range three (3) West, W.M., *which lies Northerly of the Northerly right-of-way line of State Highway No. 106 (Navy Yard Highway).*

Clerk's Papers (CP) at 577 (emphasis added).

Dan Holman, a land surveyor, provided a declaration in support of the Hilliers' motion. He attached to his declaration the original deed from 1923, which described a right-of-way for state road known as the Navy Yard Highway (now known as State Route 106) that was 60-feet wide. However, starting in 1941, the deeds described what became of Lavington's property as laying "Northerly of the Northerly right-of-way line" of the Navy Yard Highway. *E.g.*, CP at 515. Based on his review of the deeds, Holman determined that Lavington's parcel was north of the northerly right-of-way line of SR 106.

In response, Lavington argued that the State had only an easement over the right-of-way and that she owned the underlying fee simple interest from the centerline of the highway.

The trial court granted the Hilliers' and Parsons' motion to exclude evidence of trespass on the road right-of-way because Lavington did not own that property.

*Motion in Limine Regarding Trespass Damages*

Parsons moved in limine to limit the measure of Lavington's damages to the lesser of the cost of restoring any damage to the property or the diminution in value the trespass caused. Similarly, the Hilliers moved in limine to exclude testimony from Lavington's expert, who was prepared to testify regarding his opinion of the rental value the Hilliers should have paid to use Lavington's driveway. The trial court granted the motion regarding the measure of damages, and excluded the expert's testimony because it did not relate to either restoration costs or diminution in value.

5

No. 54541-1-II

*Bench Trial and Involuntary Dismissal*

The parties proceeded to a bench trial on Lavington's intentional trespass claim. Lavington and James Hillier testified to the background facts stated above.

Lavington acknowledged that, before the construction, there was a family accommodation allowing the Hilliers to use the driveway to access their property. But she believed this did not extend to others. Lavington admitted that she only ever saw one construction truck use her driveway. She did not know how many trucks used her driveway or how big those trucks were.

Lavington stated that there was a change in grade of her driveway at the property line, the driveway was widened to accommodate construction vehicles, and crushed rock was spread on the driveway. She also stated that some trees were broken and that vine maples along her property line looked more sparse. However, almost all of the damage to trees Lavington identified occurred within the highway right-of-way. She could identify only one tree with a broken branch that was not in the right-of-way.

James testified that the Lavington and Hillier families were on good terms and that his family would use Lavington's driveway with no objection. James stated that he told Parsons that they could use the driveway as needed.

After Lavington presented her case in chief, the Hilliers and Parsons jointly moved for dismissal of Lavington's intentional trespass claim under CR 41(b)(3). The trial court granted the motion for dismissal regarding both parties and entered findings of fact and conclusions of law. The reason for the dismissal of the claim against the Hilliers was that Lavington did not prove that she suffered actual and substantial damages from the trespass. The reason for the dismissal of the claim against Parsons was that Parsons did not intentionally trespass on

6

No. 54541-1-II

Lavington's driveway because James directed Parsons to use the driveway based on the historical accommodation.

Lavington appeals the dismissal on summary judgment of her unjust enrichment claim, the exclusion of evidence of trespass on the road right of way, the exclusion of evidence of emotional distress damages as a discovery sanction, the exclusion of evidence regarding the rental value of the use of her driveway, and the dismissal of her intentional trespass claims.

ANALYSIS

A.    UNJUST ENRICHMENT

Lavington argues that the trial court erred in dismissing her unjust enrichment claim against the Hilliers on summary judgment because she presented genuine issues of material fact on all elements of the claim.  We disagree.

1.    Standard of Review

We review summary judgment orders de novo.  *Sartin v. Estate of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020), *review denied*, 196 Wn.2d 1046 (2021).  We view all the evidence and apply reasonable inferences in the light most favorable to the nonmoving party.  *Id.* Summary judgment is appropriate only when there are no genuine issues of material fact.  *Id.*  A genuine issue of material fact exists "when reasonable minds could disagree on the facts controlling the outcome of the litigation."  *Id.*

2.    Requirement that Plaintiff Confer a Benefit

Unjust enrichment represents a type of implied contract between the plaintiff and the defendant.  *Young v. Young*, 164 Wn.2d 477, 483-84, 191 P.3d 1258 (2008).  The cause of action allows a plaintiff to recover for the value of a benefit the defendant retained even though there is

7

No. 54541-1-II

no formal contractual relationship, based on equity and fairness. *Id.* at 484. In such situations, the law dictates that a quasi-contract exists between the parties. *Id.*

The Supreme Court in *Young* recognized that the first element of unjust enrichment was that the plaintiff *confer* a benefit on the defendant. *Id.* The court then stated the first element more generally in reciting the three elements: "(1) the defendant *receives* a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Id.* at 484-85 (emphasis added).

Here, there is no question that the Hilliers received a benefit. However, *Young* and multiple Court of Appeals cases state that *a plaintiff must confer a benefit on the defendant* to satisfy the first element of unjust enrichment. *Young*, 164 Wn.2d at 484; *e.g.*, *Samra v. Singh*, 15 Wn. App. 2d 823, 837, 479 P.3d 713 (2020); *Bircumshaw v. Wash. State Health Care Auth.*, 194 Wn. App. 176, 205, 380 P.3d 524 (2016); *Austin v. Ettl*, 171 Wn. App. 82, 92, 286 P.3d 85 (2012). As the court stated in *Bircumshaw*, "Unjust enrichment is a basis for recovering the value of a *benefit conferred on another party* in the absence of a contractual relationship." 194 Wn. App. at 205 (emphasis added).

Requiring that the plaintiff confer a benefit on the defendant to recover for unjust enrichment is consistent with the contractual basis of the theory discussed in *Young*. 164 Wn.2d at 483-84. The defendant must receive a benefit *from the plaintiff* for an implied contract to arise.

Lavington argues that the Hilliers received a benefit because they saved on construction costs by using her driveway. However, it is undisputed that Lavington did not confer any benefit on the Hilliers or on Parsons. They simply took the benefit. Therefore, as a matter of law Lavington could not satisfy the first element of unjust enrichment.

8

No. 54541-1-II

We hold that the trial court did not err in dismissing Lavington's unjust enrichment claim on summary judgment.

B.     EXCLUSION OF EVIDENCE REGARDING TRESPASS WITHIN RIGHT-OF-WAY

Lavington argues that the trial court erred in determining that her property did not include the fee interest underlying the State's right-of-way and excluding evidence of trespass within the right-of-way. We disagree.

Lavington relies on the "highway presumption" to argue that she owned a fee interest to the centerline of the state highway adjacent to her property. The highway presumption states that "the conveyance of land bounded by or along a highway carries title to the center of the highway unless there is something in the deed or surrounding circumstances showing an intent to the contrary." *Roeder Co. v. Burlington N., Inc.*, 105 Wn.2d 567, 575, 716 P.2d 855 (1986)). Whether fee interest extends to the center of the highway depends on the particular circumstances of each case. *Christian v. Purdy*, 60 Wn. App. 798, 801, 808 P.2d 164 (1991). For example, if the provisions in the deed describe a property that extends up to but does not include the right of way, the highway presumption is rebutted. *Northlake Marine Works, Inc. v. City of Seattle*, 70 Wn. App. 491, 500, 857 P.2d 283 (1993).

Here, the legal description of Lavington's property states,

> All that portion of the following described tract of land in Government Lot four (4), Section thirty five (35), Township twenty two (22) North, Range three (3) West, W.M., which lies Northerly of the Northerly right-of-way line of Primary State Highway No. 106 (Navy Yard Highway).

CP at 577. The plain language of this legal description does not include fee interest to the center of the highway because it identifies Lavington's property as north of the northern right-of-way line. This language shows an intent that is contrary to the presumption that her property extends

9

No. 54541-1-II

to the center of the highway. *See Roeder*, 105 Wn.2d at 575. Therefore, the highway presumption is rebutted under the facts of this case.

Lavington's deeds contain language that clearly set her property boundary as north of the northern right-of-way line of the state highway. Therefore, we hold that the trial court did not err when it determined that Lavington's property did not include the fee interest underlying the State's right-of-way and excluded evidence of any damage within the right-of-way.

## C.   PRECLUSION OF EMOTIONAL DISTRESS CLAIM

Lavington argues that the trial court erred in precluding her from claiming emotional distress damages as a sanction for her refusal to produce her medical records in discovery because the trial court did not consider the *Burnet* factors. The Hilliers do not dispute that the trial court erred, but they argue that the error was harmless because Lavington's failure to show actual and substantial physical damage to her property meant that she could not recover emotional distress damages. We hold that the trial court erred and that the error was not harmless because Lavington can recover emotional distress damages for intentional trespass even in the absence of physical damage to her property.

### 1.   Legal Principles

Under CR 37(b)(2), the trial court has discretion to impose sanctions against a party who fails to comply with a discovery order. Available sanctions include preventing a noncomplying party from supporting a claim. CR 37(b)(2)(B). CR 37(d) also allows the trial court to impose the sanctions allowed under CR 37(b)(2) for the failure of a party to respond to interrogatories or requests for production. *Magaña v. Hyundai Motor Am.*, 167 Wn.2d 570, 584, 220 P.3d 191 (2009). The trial court generally should impose the least severe sanction that will adequately serve the purposes of sanctions, which are to compensate the harmed party, deter, punish, and

10

No. 54541-1-II

educate the wrongdoer, and ensure that the wrongdoer does not profit from the wrong. *Barton v. Dep't of Transp.*, 178 Wn.2d 193, 215, 308 P.3d 597 (2013).

Before a trial court can impose one of the "harsher remedies" for a discovery violation under CR 37(b), it must explicitly consider the *Burnet* factors: (1) whether the violation was willful or deliberate, (2) whether the violation substantially prejudiced the opposing party's ability to prepare for trial, and (3) whether lesser sanctions probably would suffice. *Jones v. City of Seattle*, 179 Wn.2d 322, 338, 314 P.3d 380 (2013). The "harsher remedies" include those sanctions described in CR 37(b)(2). *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 688, 132 P.3d 115 (2006). The trial court must make express findings regarding the *Burnet* factors on the record. *Teter v. Deck*, 174 Wn.2d 207, 217, 274 P.3d 336 (2012).

2.    Required Production of Mental Health Records

Initially, Lavington argues that the trial court erred in ordering her to allow the Hilliers and Parsons to obtain her medical records pursuant to discovery requests. We disagree.

CR 26 provides for broad discovery from the opposing party. *Magaña*, 167 Wn.2d at 584. Information is discoverable even if inadmissible at trial if it "appears reasonably calculated to lead to the discovery of admissible evidence." CR 26(b)(1).

Here, Lavington argues that she did not need to produce her medical records because she elected not to rely on medical evidence at trial to prove her emotional distress claim. But she ignores the fact that the Hilliers and Parsons could use her medical records to *defend* against her emotional distress claim. And her medical records clearly had the capacity to lead to the discovery of admissible evidence regardless of whether the records themselves were admissible.

We hold that the trial court did not err in ordering Lavington to allow the Hilliers and Parsons to obtain her medical records.

11

No. 54541-1-II

### 3. Failure to Consider *Burnet* Factors

The trial court stated that it was not allowing Lavington to claim emotional distress damages because she did not produce her medical records as ordered by the court. The trial court did not consider the *Burnet* factors on the record before precluding Lavington's emotional distress claim, as the law clearly requires. Therefore, we hold that the trial court erred in precluding Lavington's emotional distress claim as a discovery sanction.

### 4. Harmless Error

A trial court's failure to properly consider the *Burnet* factors is subject to a harmless error analysis. *See Jones*, 179 Wn.2d at 356. Under the harmless error test in civil cases, an error is harmless when it does not materially affect the outcome of the trial. *Needham v. Dreyer*, 11 Wn. App. 2d 479, 497, 454 P.3d 136 (2019).

The Hilliers argue that the trial court's error was harmless. They claim that Lavington could not recover emotional distress damages for their intentional trespass because she could not show actual and substantial physical damage to her property. We disagree.

### a. Legal Principles – Trespass

A trespass is " 'any intentional invasion of the plaintiff's interest in the exclusive possession of property.' " *Bradley v. Am. Smelting & Refining Co.*, 104 Wn.2d 677, 685, 709 P.2d 782 (1985) (quoting W. ROGERS, ENVIRONMENTAL LAW § 2.13 at 154-57 (1977)). " 'One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in the possession of the other.' " *Bradley*, 104 Wn.2d at 681 (quoting RESTATEMENT (SECOND) OF TORTS § 158 (AM. LAW. INST. 1965)).

12

No. 54541-1-II

The Supreme Court in *Bradley* identified the elements of an intentional trespass claim. 104 Wn.2d at 692-93. The court stated that an intentional trespass occurs when the defendant's actions have "(1) invaded the plaintiff's interest in the exclusive possession of his property, (2) been committed intentionally, (3) been done with the knowledge and reasonable foreseeability that the act would disturb the plaintiffs' possession, and (4) caused actual and substantial damages." *Id.*

The court elaborated on the fourth element:

While at common law any trespass entitled a landowner to recover nominal or punitive damages for the invasion of his property, such a rule is not appropriate under the circumstances before us. . . . The elements that we have adopted for an action in trespass . . . require that a plaintiff has suffered actual and substantial damages. Since this is an element of the action, the plaintiff who cannot show that actual and substantial damages have been suffered should be subject to dismissal of his cause upon a motion for summary judgment.

*Id.* at 691-92.

The fourth element as stated in *Bradley* unequivocally required actual and substantial damages, plural. *Id.* at 691-93. The term "damages" refers to compensation a person can recover in a lawsuit for an injury or a loss. *Ellingson v. Spokane Mortg. Co.*, 19 Wn. App. 48, 57, 573 P.2d 389 (1978); *see also* BLACK'S LAW DICTIONARY 488 (11th ed. 2019). In contrast, the term "damage" generally refers to some physical harm to a person or property. BLACK'S LAW DICTIONARY 488.

However, when discussing a *continuing* trespass, the court in *Bradley* referred both to damage to property and to compensatory damages: "Assuming that a defendant has caused actual and substantial damage to a plaintiff's property, the trespass continues until the intruding substance is removed. If such is the case, and damages can be proved, as required, actions may be brought for uncompensated injury." *Bradley*, 104 Wn.2d at 693. Later in the same

13

No. 54541-1-II

paragraph, the court stated that it had ruled that "actual and substantial damages are required." *Id.*

As in *Bradley*, after stating the damages element in the plural, this court in *Wallace v. Lewis County* stated that a claim for *continuing* intentional trespass required "actual and substantial harm to [a] person's property." 134 Wn. App. 1, 15, 137 P.3d 101 (2006); *see also Crystal Lotus Enterprises, Ltd. v. City of Shoreline*, 167 Wn. App. 501, 506, 274 P.3d 1054 (2012). This court in *Grundy v. Brack Family Trust* initially referred to the damages element in the plural, requiring actual and substantial damages. 151 Wn. App. 557, 567, 213 P.3d 619 (2009). But then the court dropped the "s" and stated that "a person must cause 'actual and substantial damage[ ]' to the property of another" to recover for trespass. *Id.* at 568 (alteration in original) (quoting *Wallace*, 134 Wn. App. at 15).

b.    Liability Without Physical Damage

The cases are somewhat confusing. But we conclude based on *Bradley* and the *Restatement (Second) of Torts* that the fourth element of an intentional trespass claim is actual and substantial *damages*, not some physical damage to the plaintiff's property.

The court in *Bradley* stated four times that actual and substantial *damages* was an element of trespass and only referenced damage to property in the context of a continuing trespass while again referring to damages. *Bradley*, 104 Wn.2d at 692-93. Almost all the cases since *Bradley*, including *Wallace*, *Grundy* and *Crystal Lotus Enterprises*, have stated that the fourth element of trespass is actual and substantial *damages*. *See Ofuasia v. Smurr*, 198 Wn. App. 133, 149, 392 P.3d 1148 (2017); *Hurley v. Port Blakely Tree Farms L.P.*, 182 Wn. App. 753, 772, 332 P.3d 469 (2014).

14

No. 54541-1-II

In addition, as stated above, *Bradley* quoted § 158 of the *Restatement (Second) of Torts*, which states that liability exists for an intentional entry into land in the possession of another "irrespective of whether he thereby causes harm to any legally protected interest of the other." *Bradley*, 104 Wn.2d at 681. And the court later quoted from comment d to § 821D of the *Restatement*, which distinguishes between trespass and private nuisance: "*For an intentional trespass, there is liability without harm*; for a private nuisance, there is no liability without significant harm. In trespass an intentional invasion of the plaintiff's possession is of itself a tort, and liability follows." *Bradley*, 104 Wn.2d at 689 (emphasis added).

Further, §163 of the *Restatement* states, "One who intentionally enters land in the possession of another is subject to liability to the possessor for a trespass, *although his presence on the land causes no harm to the land*, its possessor, or to any thing or person in whose security the possessor has a legally protected interest." (Emphasis added.) A comment to § 163 states: "The wrong for which a remedy is given under the rule stated in this Section consists of an interference with the possessor's interest in excluding others from the land. Consequently, *even a harmless entry or remaining, if intentional, is a trespass*." RESTATEMENT § 163 cmt. d (emphasis added); *see also Davis v. Westphal*, 389 Mont. 251, 259, 405 P.3d 73 (2017) (stating that "[b]ecause the legal harm is the interference with another's right to exclusive possession of property, an unauthorized tangible presence on the property of another constitutes a trespass regardless of whether the intrusion caused any other harm").

Because trespass liability can exist without some physical damage to the property, there is no reason that emotional distress cannot constitute actual and substantial damages. And the general rule is that a plaintiff can recover damages for emotional distress resulting from an intentional tort like trespass. *See Birchler v. Castello Land Co.*, 133 Wn.2d 106, 115-16, 942

15

No. 54541-1-II

P.2d 968 (1997). If emotional distress damages are recoverable in a trespass action, they necessarily can constitute actual and substantial damages.

We conclude that if Lavington can sustain her burden of proof, emotional distress damages can constitute actual and substantial damages sufficient to support an intentional trespass claim. And this means that the trial court's error in precluding Lavington's emotional distress claim was not harmless.

5.    Summary

We hold that (1) the trial court did not err in ordering Lavington to produce her medical records, (2) the trial court did err in precluding Lavington's emotional distress damages without considering the *Burnet* factors on the record, and (3) that error was not harmless because emotional distress damages can constitute actual and substantial damages, thereby satisfying the fourth element of intentional trespass if proved. We emphasize that on remand if Lavington again defies the court order and refuses to produce her medical records, the trial court again can assess whether precluding Lavington's emotional distress claim would be an appropriate sanction – after considering the *Burnet* factors on the record.

D.    DAMAGES RECOVERABLE FOR INTENTIONAL TRESPASS

Lavington argues that the trial court erred by limiting her recoverable damages to the lesser of the cost of restoring any property damage and the diminution in value of the property. We agree.

The rule that an injured person is entitled to recover the lesser of the cost of restoration or the diminution in value applies to physical damage to personal or real property. *See Thompson v. King Feed & Nutrition Serv., Inc.*, 153 Wn.2d 447, 454-59, 105 P.3d 378 (2005). However, no

16

No. 54541-1-II

case states that this is the *only* measure of damages allowed for an intentional trespass onto another's property. Physical damage to property is only one aspect of a trespass.

" '[T]he very essence of the nature of property is the right to its exclusive use.' " *Holmquist v. King County*, 192 Wn. App. 551, 561, 368 P.3d 234 (2016) (quoting *Olwell v. Nye & Nissen Co.*, 26 Wn.2d 282, 286, 173 P.2d 652 (1946)). As a result, property owners are entitled to compensation for the loss of their right to exclusive use and possession of their property. *Holmquist*, 192 Wn. App. at 562. For example, trespass plaintiffs may be able to recover loss of use damages for a temporary invasion of their property. *Olympic Pipe Line Co. v. Thoeny*, 124 Wn. App. 381, 393-94, 101 P.3d 430 (2004). The court in *Holmquist* noted that "courts assess damages for even minimal interference with an owner's right of exclusive use and possession." 192 Wn. App. at 562.

The one limitation, as noted above, is that the plaintiff must prove actual and substantial damages. *Bradley*, 104 Wn.2d at 693. Therefore, nominal damages generally are not allowed for an intentional trespass claim. *Id.* at 691-92.

The specific issue in this case is Lavington's argument that she should have been allowed to present evidence of the fair rental value of the use of her driveway to prove damages for intentional trespass. She relies on *Holmquist*, where the court approved allowing trespass plaintiffs to quantify their damages using the rental value of the property at issue. 192 Wn. App. at 562-565. But in *Holmquist*, the trespass was akin to a long-term partial occupation of the property – the defendant's actions allowed the plaintiffs' private property to be used as a public beach. *Id.* at 554-55. That case does not support the proposition that rental value can be a proper measure of damages in all trespass cases, and specifically when a defendant drives across the plaintiff's property for a period of time.

17

No. 54541-1-II

We do not decide here whether rental value evidence is admissible under the facts of this case because the trial court excluded this evidence based on an erroneous assumption that Lavington's damages were limited to the lesser of restoration costs and diminution in value. On remand, the trial court will have to decide the issue of admissibility in light of our damages discussion above.

E.    DISMISSAL OF INTENTIONAL TRESPASS CLAIM

Lavington argues that the trial court erred in dismissing the intentional trespass claims against the Hilliers and Parsons under CR 41(b)(3). We agree with regard to the Hilliers but disagree regarding Parsons.

1.    Legal Principles

A trial court may grant a motion to dismiss at the close of the plaintiff's case under CR 41(b)(3). Dismissal is proper where the evidence or reasonable inferences therefrom supports a verdict for the plaintiff. *Commonwealth Real Estate Servs. v. Padilla*, 149 Wn. App. 757, 762, 205 P.3d 937 (2009). In reviewing a dismissal based on CR 41(b)(3), "we review de novo whether the plaintiff presented a prima facie case, viewing the evidence in the light most favorable to the plaintiff." *Rufin v. City of Seattle*, 199 Wn. App. 348, 357, 398 P.3d 1237 (2017).

2.    Claim Against the Hilliers

The trial court dismissed the intentional trespass claims against the Hilliers because Lavington failed to present any evidence of actual and substantial damages. However, as discussed above, the trial court erroneously precluded Lavington from presenting evidence regarding her alleged emotional distress and any damages apart from physical injury to her

18

No. 54541-1-II

property. Therefore, until Lavington is allowed to present such evidence, it is unknown whether she will be able to show actual and substantial damages.

We hold that the trial court erred in dismissing the intentional trespass claim against the Hilliers under CR 41(b)(3).

3. Claim Against Parsons

The trial court dismissed the intentional trespass claims against Parsons on the grounds that Parsons did not intentionally trespass on Lavington's property because James Hillier directed Parsons to use Lavington's driveway.

As noted above, one element of an intentional trespass is that the defendant knew with reasonable foreseeability that their intentional act will result in intrusion of the plaintiff's interest in exclusive possession. *Bradley*, 104 Wn.2d at 692-93. In other words, the defendant must be "substantially certain that the trespass would result from his intentional actions." *Grundy*, 151 Wn. App. at 569.

There was no evidence presented at trial to show that Parsons knew that he was trespassing. Lavington presented testimony that James told Parsons to use the driveway as needed. Lavington also testified herself that, when she approached Parsons' foreman, he stated that he did not know he was not allowed to use the driveway. Further, Lavington testified that the construction traffic stopped immediately after she confronted Parsons' foreman. Because Parsons believed he had permission to use the driveway, he could not have been "substantially certain that the trespass would result from his intentional actions." *Grundy*, 151 Wn. App. at 569.

Therefore, we hold that that the trial court did not err in dismissing Lavington's intentional trespass claim against Parsons under CR 41(b)(3).

19

No. 54541-1-II

CONCLUSION

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____
MAXA, J.

I concur:

_____
WORSWICK, P.J.

20

No. 54541-1-II

LEE, J. — (Concurring in part/dissenting in part) I concur with the majority that the trial court did not err in (1) granting summary judgment in favor of James and Wendy Hilliers and Ray Parsons Construction, LLC (Parsons) on Lisa Lavington's unjust enrichment, (2) excluding evidence of trespass on a road right-of-way that was not part of Lavington's property, and (3) granting a directed verdict and dismissing the intentional trespass claim against Parsons under CR 41(b)(3). However, I respectfully disagree with the majority on the intentional trespass claim against the Hilliers. I would hold that the trial court did not err in dismissing the intentional trespass claim against the Hilliers under CR 41(b)(3) because Lavington failed to show actual and substantial damage to her property, and the actual basis upon which Lavington appeals fails. Further, because evidence of emotional distress damages does not establish liability for intentional trespass, the trial court's exclusion of emotional distress damages as a discovery sanction without considering the *Burnet*[4] factors was harmless error. Also, because Lavington's intentional trespass claim fails, the issue relating to the trial court's exclusion of Lavington's evidence of the fair rental value of the land to show damages for intentional trespass is moot.

A.      INTENTIONAL TRESPASS

I agree with the majority that, in *Bradley*, the Supreme Court held that to establish intentional trespass, a plaintiff must show that the defendant's actions have "(1) invaded the plaintiff's interest in the exclusive possession of his property, (2) been committed intentionally, (3) been done with the knowledge and reasonable foreseeability that the act would disturb the plaintiffs' possession, and (4) caused actual and substantial damages." *Bradley v. American Smelting & Refining Co.*, 104 Wn.2d 677, 692-93, 709 P.2d 782 (1985). In establishing these

---

[4] *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997).

No. 54541-1-II

elements for intentional trespass, *Bradley* expressly accepted and approved of the elements set forth by *Borland*, which stated that:

> "[A] plaintiff must show 1) an invasion affecting an interest in the exclusive possession of his property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and 4) substantial damages to the *res*."

*Bradley*, 104 Wn.2d at 691 (emphasis in original) (quoting *Borland v. Sanders Lead Co.*, 369 So.2d 523, 529 (Ala. 1979).

The requirement that there be actual and substantial damages *to property* is the crux of my disagreement with the majority. The majority confuses damage or damages to the property of another that is necessary to prove liability with the recovery of damages once liability is established.

The majority posits that in determining liability for intentional trespass, a plaintiff can prove actual and substantial damages without any showing of physical harm to the property, and instead, can prove liability by showing any type of damage, including only emotional damages. To support its position, the majority relies on *Bradley's* quote of the *Restatement (Second) of Torts* § 158 (1965). Majority Opinion at 13. However, *Bradley* used the quoted language in a discussion of the scope and meaning of the requisite intent needed to show intentional trespass, not in a discussion of actual and substantial damages. *Bradley*, 104 Wn.2d at 681-82.

The majority also relies on a comment to *Restatement (Second) of Torts* § 812D; a comment to *Restatement* § 163; and a Montana case to support its position. Majority Opinion at 15-16. *Bradley* cited to, without adopting, the sources relied on by the majority in the court's discussion as to whether an intentional deposit of microscopic particulates onto a person's property gives rise to a cause of action for intentional trespass as well as nuisance. I do not find the legal support relied on by the majority persuasive.

22

No. 54541-1-II

A careful reading of Washington case law shows that the actual and substantial damages element of intentional trespass requires a showing that there be actual and substantial damages *to the property*. To emphasize, *Bradley* specifically adopted the following elements of trespass set forth in *Borland* to recover in trespass:

> "[A] plaintiff must show 1) an invasion affecting an interest in the exclusive possession of his property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and 4) substantial damages to the *res*."

*Bradley*, 104 Wn.2d at 691 (emphasis in original) (quoting *Borland*, 369 So.2d at 529). The requirement that there be "damages to the *res*" has not changed. *See also Crystal Lotus Enterprises Ltd. v. City of Shoreline*, 167 Wn. App. 501, 506, 274 P.3d 1054 (2012) (intentional trespass requires "actual and substantial harm to that person's property."); *Grundy v. Brack Family Trust*, 151 Wn. App. 557, 568, 213 P.3d 619 (2009) (An intentional trespass requires actual and substantial damage "to the property of another"), *review denied*, 168 Wn.2d 1007 (2010); *Wallace v. Lewis County*, 134 Wn. App. 1, 15, 137 P.3d 101 (2006) (intentional trespass requires "actual and substantial harm to that person's property").[5]

Here, we are not dealing with the intentional deposit upon property of microscopic particulates that are undetectable by the human senses as was the case in *Bradley*. And the only evidence of damage to the property that was not in the road right-of-way was one tree with a broken

---

[5] Our Supreme Court has held that emotional distress damages can be recovered *upon a showing of liability* for an intentional tort, not as the basis to find liability. *See Cagle v. Burns and Roe, Inc.*, 106 Wn.2d 911, 916, 726 P.2d 434 (1986) (In response to a certified question from a federal court as to whether emotional distress damages can be recovered upon showing of liability for the intentional tort of wrongful termination in violation of public policy, the court stated that "[t]his court has liberally construed damages for emotional distress as being available merely upon proof of 'an intentional tort'" (quoting *Cherberg v. People's Nat'l Bank*, 88 Wn.2d 595, 602, 564 P.2d 1137 (1977))).

23

No. 54541-1-II

branch. This can hardly be characterized as actual and substantial damage to the property sufficient to sustain liability for an intentional trespass claim.

Also, Lavington acknowledges that, in the order relating to the Hilliers, the trial court found that in her case in chief, Lavington "did not prove that she had suffered actual and substantial damages." Clerk's Papers at 1008. Lavington admits that the evidence presented at trial supported a finding of no actual and substantial damage in the absence of any other reversible errors. Also, Lavington did not challenge this finding in the order relating to the Hilliers. Therefore, the trial court's finding that Lavington did not suffer actual and substantial damages is a verity on appeal. *See Rush v. Blackburn*, 190 Wn. App. 945, 956, 361 P.3d 217 (2015) ("Unchallenged findings of fact are verities on appeal.").

## B.     ACTUAL BASIS OF LAVINGTON'S APPEAL

On appeal, Lavington only argues that the trial court erred by dismissing her intentional trespass claim against the Hilliers based on "family accommodation." Br. of Appellant at 38. However, Lavington admits that the trial court made no findings or conclusions regarding "family accommodation" in its written findings of fact and conclusions of law relating to the Hilliers. Br. of Appellant at 38. Therefore, Lavington's challenge to the trial court's dismissal of the intentional trespass claim should fail because the actual basis of her appeal is unsupportable.

## CONCLUSION

A cause of action for intentional trespass requires a plaintiff to show actual and substantial damages *to the property*. The evidence at trial did not show that Lavington suffered actual and substantial damage to her property. Also, Lavington admits, and does not challenge the trial court's finding, that the evidence at trial did not support any finding that she suffered actual or substantial damages. Finally, Lavington's challenge on appeal was based on the trial court's

24

No. 54541-1-II

alleged dismissal based on "family accommodation," which Lavington now admits there are no findings or conclusions relating to "family accommodation." Therefore, I would hold that Lavington has failed to show that the trial court erred in dismissing her intentional trespass claim against the Hilliers.

Because evidence of emotional distress damages does not establish liability for intentional trespass, the trial court's exclusion of emotional distress damages as a discovery sanction without considering the *Burnet* factors was harmless error. Also, because Lavington's intentional trespass claim fails, the issue relating to the trial court's exclusion of Lavington's evidence of the fair rental value of the land to show damages for intentional trespass is moot. Accordingly, I would affirm the trial court's order dismissing Lavington's claims.

Lee, J.

25